## BUTLER *v.* FARLEY.

*Lumpkin, J.*—1. The mere fact that a written notice of the sanc-tion of a writ of *certiorari*, and of the time and place of hear-ing the same, was mailed to an attorney for the defendant in *certiorari*, without proof that the notice was actually received by him, is not sufficient evidence to show service of such notice.

2. There was no abuse of discretion in refusing to postpone the trial of a *certiorari* case in order to allow counsel for the plain-tiff in *certiorari* to produce evidence that a notice of the kind

above indicated an'd sent by mail in fact reached the hands of the attorney of the defendant in *certiorari.*

November 2, 1896.   Argued at the last term.          *Judgment affirmed.*

*Certiorari.*    Before Judge Beck.    Monroe superior court.    August term, 1895.

In the case of Farley, plaintiff in *fi. fa., v.* Sanders, defendant, and Butler, claimant, there being a verdict against the claimant by a jury in a justice's court, claimant carried the cause by *certiorari* to the superior court.    Upon the *certiorari* being called, counsel for plaintiff in *fi. fa.* moved to dismiss the same, upon the ground that it did not properly appear that there had been ten days notice of the sanction of the writ and of the time and place of hearing, that the method of service was by posting said notice and there was no proof of its receipt; and said counsel also insisted that the fact of service should appear in the record and did not so appear.    Counsel for plaintiff in *certiorari* offered to make affidavit that he had served Samuel Hale of Milner, Ga., as is required by law, as Hale was the leading counsel for plaintiff in *fi. fa.* in the trial court, by posting a notice, a copy of which he could and would produce, and that he had heard that Hale had received the same. The method of serving Hale was by mailing the notice to him.    There was no proof that Hale had received this notice.    Counsel for plaintiff in *certiorari* offered to procure an affidavit from Hale that he had received the notice, but the court refused to continue the case for that purpose. The motion to dismiss was sustained, and plaintiff in *certiorari* excepted.

*Persons & Persons,* for plaintiff in error.
*Hammond & Cleveland,* contra.