## ATLANTA ACCIDENT ASSOCIATION *v.* BRAGG.

Where a suit is brought upon a policy of insurance in one of the counties of this State, other than that in which the principal office of the company issuing such policy is located, and the declaration alleges that "said corporation had an agent and transacted business [in the county where such suit is brought], and now has such agent and transacts such business in said county," the averment of jurisdiction is insufficient, and will not withstand a general demurrer to the declaration for the want of jurisdiction.

Argued October 19, — Decided November 29, 1897.

Complaint. Before Judge Littlejohn. Sumter superior court. May term, 1897.

*Burton Smith* and *James Dodson & Son*, for plaintiff in error. *Allen Fort* and *Eldridge Cutts*, contra.

ATKINSON, J. Bragg sued the Atlanta Accident Association in the superior court of Sumter county. The declaration was demurred to by the defendant, on the ground that the petition showed that the court had no jurisdiction over the cause of action alleged. This demurrer was overruled, and the defendant excepted. The allegation of the declaration touching the subject of jurisdiction was as follows: "That the defendant, The Atlanta Accident Association, is an accident-insurance corporation; that on January 5th, 1895, said corporation had an agent and transacted business in the county of Sumter, and now has such agent and transacts such business in said county." It appeared from the declaration that the home office was in Atlanta, Georgia, in a county other than that in which the suit was brought.

Section 2145 of the Civil Code provides, "Whenever any person may have any claim or demand upon any insurance company having agencies, or more than one place of doing business, it shall be lawful for such person, or persons, to institute suit against said insurance company within the county where the principal office of such company is located, or in any county where said insurance company may have an agency or place of doing business," etc. A comparison of this section of the code with the allegation contained in the declaration shows, we think, that there was no substantial averment of jurisdiction in the court in which the suit was brought. On the day the policy issued, it was alleged that the corporation had an agent and transacted business in the county of Sumter, and that on the day the suit was filed it still had such an agent and transacted such business in said county. The word "agency," according to its strict legal significance, refers to the relation existing between the principal and agent, and which is created by the contract entered into between them. In this sense it applies rather to the person occupying the position of agent than to the place at which the business of the company is transacted by the agent. There is another sense, however, in which the word "agency" is employed colloquially, and so universal has been its employment in this sense as that it may well serve to designate the place at which the business of the company is to be transacted by the agent. Construing the statute conferring jurisdiction against insurance companies, the terms of which we have quoted above, by its context, it would seem that the legislature used the word "agency" in the latter rather than in the former sense; for it provides that such suits against such companies may be brought "in any county where said insurance company may have an agency or place of doing business." The latter expression, "or place of doing business," in the connection in which it is used, was evidently designed more for the purpose of defining the use of the word "agency" than for the purpose of fixing a condition of jurisdiction. The word "agency" and the phrase "place of doing business," as employed in that act, are the legal equivalents of each other; and therefore, when the legislature used the word "agency," it meant to say, the

"place of doing business." It being then a prime requisite to the jurisdiction of the court that the company should have established in that county a place at which its business was transacted by its agent, we think the jurisdictional averment contained in the declaration was entirely insufficient. The fact that the company, on the day the policy was issued, "had an agent and transacted business in the county of Sumter, and now has such agent and transacts such business in said county," is perfectly consistent with the proposition that at neither time did it have an agency or place of doing business within the meaning of the statute which we now have under consideration. It might have had a mere traveling solicitor of insurance who had no fixed place of doing business in the county of Sumter; and under such circumstances, the averment in the declaration could be true and yet the court not have jurisdiction of the company. It may be admitted by the general demurrer that the company had an agent and transacted business in the county of Sumter, and at the time the suit was filed had such agent and transacted such business in the county, and still this would not amount to an admission that the company had an agency or place of doing business in that county. The having of an agency or place of doing business in that county is the jurisdictional fact. Under the allegations of the declaration, this jurisdictional fact was not admitted by the general demurrer, and jurisdiction not appearing upon the face of the declaration, the court erred in refusing to dismiss it.

*Judgment reversed. All the Justices concurring.*