IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## MIDDLE DIVISION.

NASHVILLE, DECEMBER TERM, 1900.

LUMBER Co. *v.* LIEBERMAN.

(*Nashville.* December 15, 1900.)

1. CHANCERY PLEADING AND PRACTICE. *Plea to jurisdiction allowed after setting aside pro confesso.*

Neither decree *pro confesso* nor entry of appearance to move to set it aside, debars or waives defendant's right, after such decree is set aside, to plead in abatement that he was not served with process. (*Post, pp. 155, 156.*)

2. CORPORATIONS. *Service of process on agent insufficient, when.*

The Courts of a county in which a domestic corporation has no office or agency, or resident agent, cannot acquire jurisdiction of the company, over its objection by plea in abatement, when

(153)

process was served on a traveling agent of the company who was temporarily in the county transacting its business. (*Post, pp. 156–158.*)

Code construed: § 4542 (S.); §3539 (M. & V.); §§ 2834, 2834*a* (T. & S.). Case cited: Railroad *v.* Walker, 9 Lea, 481.

---

FROM FENTRESS.

---

Appeal from Chancery Court of Fentress County. T. J. FISHER, Ch.

SMITH & SMITH and D. L. LANSDEN for Lumber Co.

CONATSER & CASE for Lieberman.

WILKES, J. This is a bill filed by a domestic corporation in Fentress County against the defendants, who are residents of Davidson County, to recover $3,658.34 alleged to be due from the defendants for lumber sold to them in Fentress County. Subpœna to answer was served upon A. F. Brasswell, who, it is alleged, was the agent of the firm in Fentress County. Brasswell as an individual was also made a defendant to the bill. Process was executed returnable to the April term of the Court, but there having been no term of the Court held in April, a *pro confesso* was taken against the defendants at the May rules.

On the twenty-third of May the individual members

of the firm made affidavit for the purpose of having the *pro confesso* set aside, and in it stated that they had prepared to defend the suit, and that they file with the affidavit a sworn answer to the bill, and it was asked that the *pro confesso* be set aside and they be allowed to file their answer; but no answer as a matter of fact was filed.

The Chancellor set aside the *pro confesso,* and in his order setting it aside stated that the defendants asked leave to defend by filing a plea in abatement tendered with the motion, but that if the Court should be of opinion the plea in abatement could not be considered, then they ask leave to file the answer presented therewith, and be allowed to defend thereunder.

The order allowed the *pro confesso* to be set aside, and granted leave to the defendants to make such defense as they might deem proper. They thereupon filed a plea in abatement, properly sworn to, in which they stated, in substance, that they were a partnership doing business in Nashville, Davidson County, Tennessee, and were residents of that county when the bill was filed, and that complainant was a resident of Fentress County; that they had, when the bill was filed, no office or agency or resident agent in Fentress County, where it was filed; that process had never been served upon them, and they asked that the suit be abated.

Lumber Co. *v.* Lieberman.

There was a motion to strike out the plea because (1) defendants had permitted a *pro confesso* to be taken, and thereby submitted to the jurisdiction of the Court. (2) They had entered their appearance to make the motion, and thereby submitted to the jurisdiction; that the plea was insufficient in form and substance, in that it did not allege that the firm had no agent in Fentress County, nor any office in that county when service of process was made.

The defendants were allowed to amend their plea so as to allege that they had no office in Fentress County, and the motion to strike out was overruled, and the complainant was required to join issue on the plea, to which he excepted.

Evidence of the defendant, Brasswell, was heard, and upon it the Chancellor sustained the plea in abatement and dismissed the bill, to which complainant excepted, and it thereupon prayed an appeal, which was granted.

The Court of Chancery Appeals was of opinion that the Chancellor committed no error in setting aside the *pro confesso* and permitting the plea in abatement to be filed to the jurisdiction; that the entry of appearance was simply for the purpose of contesting the jurisdiction, and not for a trial on its merits, and was not a submission to the jurisdiction, and in this we think that Court was correct.

That Court was also of the opinion that the

Court below acquired no jurisdiction of the defendants, Lieberman, Loveman & O'Brien, by service of subpœna upon defendant, Brasswell; that the true meaning of our statute (Shannon, § 4542) is that suit may be brought in any county where a corporation, company, or individual has an office, agency, or place of business located in the county, and does not mean a mere traveling agent, but one resident in the county, citing *Chicago & Alton Railway Co.* v. *Walker,* 9 Lea, 481.

The testimony of Brasswell was, in substance, that he was defendant's agent to buy logs; that he made purchases without consulting with them, and drew drafts on them, signing the same as agent; that he had paid out for them in Fentress County about $80,000 for logs; that he received his mail and had his washing done in Pickett County, Tennessee; that he operated in Fentress, Pickett, Overton, and Clay Counties, in Tennessee, and bought some logs in Clinton and Wayne Counties, Kentucky; that he traveled from place to place, stopping wherever convenient, carrying his books, branding iron and draft book, with him; that he brands the timber, and that he advanced money to the complainants to a specified sum on the contract on which this suit is based; that he was frequently in Fentress County, and had stayed three or four days at a time in its county town, but that most of the time he was on the several rivers that run through

his territory; that complainant's residence as a corporation was in Fentress County, while the defendant's, as a firm or partnership, was in Davidson County.

This Court, in construing the statute to which we have referred (Shannon, § 4542), has held that the agency intended by the statute means some office, agency, or place of business located in the county, and does not mean a mere traveling agent, but an agent resident in the county. *Chicago & Alton Railroad Co.* v. *Walker,* 9 Lea, 481.

We think that case analogous to the present, and, following its holding, we are of opinion that Brasswell was not such agent as is contemplated by the section, and the service upon him was not sufficient to give jurisdiction of the firm of Lieberman, Loveman & O'Brien.

It follows that the decree of the Court of Chancery Appeals is affirmed.