## WESTERN UNION TELEGRAPH COMPANY *v.* BAILEY.

1. A petition against a telegraph company, alleging that it has "an office and agent in [the] county, doing business therein," sufficiently shows jurisdiction in the courts of the county, under the Civil Code, § 2348.

2. The law requiring a plaintiff in certiorari to cause written notice of the sanction of the writ and of the time and place of hearing to be given the defendant therein, a message, containing a proper notice and signed by the plaintiff in certiorari or by another as his attorney, sent by telegraph and properly delivered in writing is a sufficient notice. LITTLE, J., dissenting.

3. Where the attorney at law for the plaintiff in certiorari contracts with a telegraph company for the sending of such a message, and the company fails to deliver it within the time agreed upon, and in consequence the certiorari is dismissed for want of said notice ; and where the attorney, after having paid his client the amount involved in the certiorari proceeding, sues the company for the non-delivery of the message, such attorney occupies the position of the plaintiff, and it is incumbent upon him to show that he would have succeeded in the certiorari proceeding and was damaged by its dismissal.

4. The evidence in the record disclosing that the attorney failed to show this, but paid his client under what he thought was a moral obligation, the finding of the jury in his favor was contrary to law, and should have been set aside.

Submitted May 1, — Decided June 10, 1902.

Action for damages. Before Judge Reagan. Butts superior court. December 11, 1901.

*Dorsey, Brewster & Howell* and *H. M. Dorsey*, for plaintiff in error. *Marcus W. Beck* and *Y. A. Wright*, contra.

SIMMONS, C. J. A lien for supplies was foreclosed in a justice's court by Gilmore against Smith as his tenant. Certain property of Smith's was levied upon under this fi. fa., and sold. The constable refused to turn over the proceeds to Gilmore, and the latter obtained a rule nisi against him. The constable answered that he had other fi. fas. in his hands claiming the funds. On the trial of the case on appeal to a jury in the justice's court, the verdict was unsatisfactory to Gilmore, and he sued out a writ of certiorari, which was sanctioned by the judge of the superior court. Bailey was the attorney at law for Gilmore. He waited until the last day allowed by law to give the opposite party notice of the sanction and of the time and place of hearing. Ascertaining that he then had not sufficient time to serve the notice personally or by mail on the opposite party (who lived in a distant city), he went to a telegraph office and, according to his testimony, made a contract for the de-

livery, before midnight of that day, of a telegram which he wrote out and delivered to the agent. For some reason the message was not delivered until the next day, which was after the time for giving notice of the certiorari had expired. Upon the call of the case in the superior court the certiorari was dismissed on motion, because notice had not been given. Thereupon Bailey paid his client the amount involved in the certiorari proceeding, and brought his action against the telegraph company in a justice's court for damages. The case was appealed to the superior court. Upon the trial in that court a motion was made to dismiss the case, because the petition did not allege that the company had an agency or place of business in the county, and because no cause of action was set out; it being argued that the message sent would not, even if delivered promptly, have been sufficient written notice of the certiorari under the law. This motion was overruled. The trial proceeded and resulted in a verdict and judgment for the plaintiff. The defendant made a motion for a new trial, which was overruled. The company excepted, assigning error on the overruling of its motion for a new trial, and on the exceptions pendente lite which had been filed to the overruling of the demurrer or motion to dismiss.

1. We think the petition substantially showed jurisdiction in the court under the requirements of the Civil Code, § 2348. It alleged that the company had an office and agent in the county, doing business therein. The code authorizes suit against a telegraph company "in any county where such telegraph company may have an agency or place of business." If the defendant had an office in the county, had also an agent in the county, and was doing business therein, we think it had an agency or place of business. This case differs from that of *Atlanta Accident Association* v. *Bragg,* 102 *Ga.* 748, relied upon by the plaintiff in error. In that case the allegation was that the corporation had an agent and transacted business in the county. There was no allegation that the company had an office, while in the present case it is alleged that the defendant had an office and agent in the county, doing business therein. In the case just cited Atkinson, J., said that the word "agency," in a similar statute, was intended to designate a place at which the company's business was transacted by an agent. If this be true, the allegations in the petition in the present case are sufficient to show jurisdiction. They

are substantially in accord with the statute, and there was no error in holding that the court had jurisdiction.

2. After much reflection we have come to the conclusion that the second point made by the demurrer or motion to dismiss was not well founded. The Civil Code, § 4644, requires that "the plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable." Is a telegram such "written notice" as would be effectual? It will be observed that the section does not require the notice to be served by any particular or designated person. It merely declares that the plaintiff in certiorari shall cause written notice to be given. The object of the notice is to give the opposite party timely information that the judge has sanctioned the writ, and that it will be heard at a certain time and place. The object of requiring it to be in writing is to prevent, as far as possible, all disputes as to the correctness and sufficiency of the notice and as to whether it was given. When the opposite party has received a notice in writing which contains the information prescribed, the object of the statute is accomplished, and there has been, in our opinion, a sufficient compliance with the law. Why, then, can not the notice be delivered by any person authorized by the plaintiff in certiorari? Were he to write the notice himself and send it by another, it would clearly be sufficient. So if his attorney were to write it and have it delivered by a messenger. If the attorney authorized his clerk to write and deliver the notice and the clerk did so, that would clearly be sufficient. Why, then, can the attorney not employ the telegraph company as his agent, and why, if it sends the message as written by the attorney and delivers to the opposite party a written transcript of it, would this not be a sufficient compliance with the law? We think that it is. It is true the notice actually written by the attorney is not delivered, but the same words are sent in symbols and signals, and are transcribed in writing at the office where received, and the written transcript delivered to the opposite party. The paper delivered contains the same words and is in writing. It affords to the opposite party all the information that could have been given by a delivery of the original. This mode of service of the notice is not the usual one,

but the telegraph and telephone are used daily in all business transactions and have been frequently recognized by the courts.   Had Bailey telephoned to a friend living near the party to be served, and asked that friend to write the notice as dictated over the telephone and deliver the writing to the party to be served, a compliance with this request would have been as effectual as though Bailey had delivered the notice himself.   The case does not seem different when, by his contract with the telegraph company, he authorizes the company's agent in the receiving office to deliver a written transcript of the words which are transmitted over the wire.   The statute requires that the notice shall be in writing, but not that it shall be written or signed by the party or his attorney.   A writing by an employee of the company is just as good.   The telegraph is used very commonly now to make contracts, and such contracts are uniformly upheld by the courts.   It has been held that a contract so made is in writing within the meaning of the statute of frauds. Croswell, Electricity, § 690 ; Joyce, Elect. Law, § 901.   For these reasons we hold that if Bailey's telegram had been sent properly and delivered in time, it would have been sufficient notice of the certiorari.

3. In the motion for a new trial one of the grounds alleges that the verdict was contrary to law and the evidence.   The record discloses that Bailey in his petition alleges that he was " forced " to pay his client.   In his evidence he states that he paid it because he had a contract to protect his client's rights.   He does not state the nature of this contract, or whether he guaranteed his client against loss.   However this may be, we think he was not entitled to recover at all.   When he paid his client the money and brought the suit against the telegraph company, he stood in the shoes of his client.   Had the suit been brought by the client, damage must have been shown before a recovery could have been had ; and so we think when suit was brought by the attorney.   Unless Gilmore could, as a result of his proceeding by certiorari, have recovered all or a part of what was therein claimed, no damage was done by the dismissal of the certiorari.   In order to show damage it was incumbent upon Bailey to show, prima facie at least, that he would have obtained a reversal of the case on certiorari, and that the judge would have entered up final judgment in his favor in the superior court.   There is no evidence tending to show this, except the petition for certio-.

rari. In that petition the only specific assignments of error of law were without merit. The petition also contained the general assignments that the verdict was contrary to law and the evidence. Even if these grounds were good, the evidence was conflicting, and the judge, if he sustained the certiorari, could not have entered final judgment in the case, but must have ordered another trial in the justice's court. These observations are made upon the petition for certiorari. The record does not contain the answer of the magistrate, and we can not determine whether he would have verified the allegations made in the petition. If the magistrate's answer had been filed, and doubtless it had been, the plaintiff should have produced it on the trial of this case. If the magistrate in his answer had not verified the statements of the petition, the answer would have been controlling, and would have been alone considered by the judge, unless it was traversed and the traverse sustained. The plaintiff not having shown that his client was damaged, and having shown by his own evidence that he paid the money under what he considered a moral obligation, we think the verdict in his favor was contrary to law, and that the court erred in not setting it aside.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*

LITTLE, J. I concur in the judgment in this case, but dissent from the proposition announced in the second headnote.