## 1487. ROLLINS *v.* SPEER.

Notice of the sanction of a writ of certiorari, and of the time and place of the hearing, must be given to the defendant in certiorari at least ten days before the sitting of the court to which the certiorari is returnable. It appearing in this case that the notice, which was sent by mail,. did not reach opposing counsel until the ninth day before the sitting of the court, the judge erred in not dismissing the certiorari on motion.

Certiorari, from Whitfield superior court—Judge Fite. October 22, 1908.

Submitted December 11, 1908.—Decided April 15, 1909.

*M. C. Tarver,* for plaintiff in error.

*J. M. Rudolph,* contra.

POWELL, J. Speer sued out a certiorari and filed it in the office of the clerk of the superior court of Whitfield county on March 25, 1908. The next term of the superior court of that county convened on the first Monday in April, and therefore, under the law, the certiorari was triable at the next succeeding term of the court, which convened on the second Monday in October, which came on the 12th of October. More than ten days prior to the April term of the court the attorney for the plaintiff in certiorari mailed to the attorney for the defendant in certiorari the statutory notice of the sanction of the writ, stating that it would be tried at the April term of the court. Discovering later that the writ was returnable to the October term, he on the 2d day of October mailed another notice to opposing counsel. However, it appears that opposing counsel did not receive it until October 3, which was only nine days before the sitting of the court. When the case was called for a hearing the defendant in certiorari moved to dismiss, on the ground that notice of sanction had not been given as required by law. The judge overruled the motion and sustained the certiorari; to both of which rulings the defendant in certiorari excepted.

Personally we dislike to give this case the direction which our opinion as judges leads us to believe it should take. The certiorari was meritorious; and the judge's action in sustaining it would be unhesitatingly affirmed, if we did not deem he had erred in refusing to dismiss the case. The provision of our code requiring that the statutory notice of the sanction of the writ, and of the time and place of hearing, shall be served upon opposing counsel at least ten days before the sitting of the court to which the writ is returnable is mandatory; and failure to give the notice, except in providential cases, results in the dismissal of the case, irrespective of the merits. The first notice given in this case was clearly insufficient, because it designated the wrong term. The second notice, while mailed on the tenth day before the sitting of the court, was not received until the next day, and therefore was too late. Upon this question we think that the cases of *Butler* v. *Farley,* 99 *Ga.* 631 (25 S. E. 853), and *Western Union Telegraph Co.* v. *Bailey,* 115 *Ga.* 725 (42 S. E. 89, 61 L. R. A. 933), are controlling. The only legitimate deduction from these cases is that, while the notice may be sent by mail, it must at least appear that the notice was deposited in the postoffice at such a time as that in the ordinary course of mail it would be received by the addressee within the time prescribed by the statute. Indeed, the cases just cited lean strongly to the conclusion that notice by mail would not be sufficient, unless the letter containing the notice, even though posted in time to have reached the addressee by due course of mail within due time, did actually so reach him. However, we need not pass upon that question now, for it does not appear from this record that the letter was mailed at such a time as that it ought to have been delivered earlier than the morning of the 3d. This, as we have said, was too late.

*Judgment reversed.*