## PEOPLES TELEPHONE & TELEGRAPH CO. v. CONNIE PRYE, Admr.

Eastern Section.    March 20, 1929.

Petition for Certiorari denied by Supreme Court, October 13, 1929.

Forrest Andrews, of Knoxville, for appellant.
T. C. Drinnon and Kramer & Kramer, of Maryville, for appellee.

PORTRUM, J. The original bill was filed in this cause by the Peoples Telephone & Telegraph Company to enjoin the issuance of an execution on a $7500 judgment obtained in the circuit court of Blount county by the administrator of P. E. Prye, deceased, for the use of the widow and children, against the Peoples Telephone & Telegraph Company for damages growing out of the death of P. E. Prye which was caused by the negligence of the telephone company. An attempt was made to perpetually enjoin the issuance of. the execution, upon the ground that service of process was not properly served upon an officer, agent or clerk of the company, which is a corporation with an agency in Blount county. The case was heard in the circuit court ex parte, and the company claims to have had no notice of it until after a default judgment had been entered and evidence was being introduced to fix the amount of the damage; and that it took no part in the trial then because its attorneys were residents of Knoxville, and it had no opportunity to participate in the trial of the case.

It is alleged that the process was served upon a laborer of the company, who thought it was a summons to appear in Maryville on the following Monday as a witness; that he did not notify the officers of the company of such service, but went to Maryville and consulted with one of the attorneys of the administrator, who told him that his evidence was not wanted and it was not necessary for him to appear on that day. Thinking the matter at an end so far as he was concerned, he did nothing to apprise the company of the service of process upon him and, as a result, the company had no actual knowledge of the suit pending against it.

The facts upon which the circuit court suit was based are, briefly, as follows:

About nine o'clock on the night of January 17, 1926, P. E. Prye, his brother, Connie Prye, his aunt, Cordelia Sutherland and the latter's daughter, Betty Sutherland, were returning to Maryville in a Ford touring car. It was raining and when they were within about a half mile of Maryville on the Tuckalweechee, a main thoroughfare, they saw a telephone pole lying across the road, and the driver stopped the car to remove it. . The pole was a part of a line of the Peoples Telephone & Telegraph Company, and was one used to attach a guy or stay wire on the opposite side of the road from the main line. This wire had been stretched over the highway and un-

der the high voltage line of the Tennessee Electric Power Company. P. E. Prye got out of his car, and went to remove the pole, to which was attached the wire and which was lying on the road. When he took hold of the wire, which had in some manner become engaged with the high tension electric wire, he screamed, and his brother ran to him and grabbed him, when he in turn was shocked and knocked unconscious. P. E. Prye was electrocuted. His hand, where he had taken hold of the wire, was burned black. The fence along the road had caught fire at the place where the guy wire came in contact with it.

The administrator entered into a contract not to sue with the Tennessee Electric Power Company, receiving as a consideration $5,000.

The telephone company learned of the accident and investigated it. Its officers also conferred with the officer of the Tennessee Electric Power Company, and it understood, as it has alleged, that the power company assumed primary liability, and had settled and satisfied the claim with the administrator, releasing the telephone company from further liability, as it believed. Acting upon this assurance by the power company, and the further fact that it had settled its suit with the administrator, the officers of the telephone company were misled and are guilty of no negligence in failing to follow up the claim, since it had no notice that any suit had been filed against it, up until the time the case went to trial.

After this notice, counsel for the telephone company filed a motion for a new trial, or filed a motion in the nature of a motion for a new trial, in which it alleged the want of notice and also that no legal service of process was served. By this motion it attempted to raise the question, which could have been raised by a plea in abatement, that the court had no jurisdiction over its corporate person. The trial judge overruled this motion, assigning as his reason:

"The return of the officer in this cause had become a matter of record and cannot be averred against, in this cause" and the court "declined to permit the Peoples Telephone & Telegraph Company to introduce proof in support of its motion, and overrules the same."

The purpose of this motion was to raise the question of jurisdiction of the court, and the adjudication by the Circuit Judge was confined to this one question. This is material for the reason this was a special and not a general appearance. It is insisted by the appellant that the company has had its day in court, and its remedy was by appeal and not an independent action in the chancery court to enjoin and forever nullify the proceedings in the circuit court, the result of which would be to destroy the remedy, for a new suit is barred under the statute of limitations.

The Chancellor was of the opinion that the complainant had the right to come into his court and enjoin the judgment, notwithstand-

ing it had made the motion and submitted itself to the jurisdiction of the circuit court, if not generally, certainly for the specific purpose of testing the question of jurisdiction. He was of the opinion that the appearance was special and the company could disregard it and pursue its remedy in the chancery court; that the service of process was made upon an employee of the company who was not an officer, agent or clerk in the sense used in the statutes providing for service of process upon corporations, and that the attempted service of process in the circuit court case did not bring the telephone company into court and, therefore, it would be unconscionable and unjust to permit the defendant to enforce the judgment.

The bill, however, set out the facts fully, and the complainant offered to enter its appearance in the circuit court and plead in event the Chancellor would grant the relief prayed by it. Acting upon this suggestion or proposal, the Chancellor perpetually enjoined the judgment and any execution issued thereon, but ordered "that the complainant herein shall enter its appearance in the cause of Connie Prye, administrator, v. Tennessee Electric Power Company, number 2446, on the docket of said court, and there make defense to said action within the time required by law in such cases made and provided."

The court disallowed the defense set up in the bill that the settlement with the Tennessee Electric Power Company was a discharge, holding that the agreement was "in the nature of a covenant not to prosecute." He also held that the administrator's defense of estoppel was not made out. It was insisted by the administrator that when the officer went to serve the process he asked the lady in charge of the office, who was the proper person to serve the process upon, who was the officer in general charge in the absence of the resident agent, and that she told him Mr. Hicks was in charge, and following up this information, the officer served the process upon Hicks. Since the person who should have been served with process misled the officer then it is insisted the company should be estopped from questioning the service. Had the officer informed the lady of his purpose then the representation would have been wrongful as well as misleading. He did not do so, and she was well warranted in believing that the employee Hicks was a proper person to refer him. An estoppel cannot arise under such circumstances.

The administrator has appealed from the decree of the chancery court to this court and assigns as error the action of the Chancellor in holding that the appearance of the Peoples Telephone & Telegraph Company in the case of Connie Prye, administrator, against Tennessee Electric Power Company in the circuit court, after judgment had been entered, was a special and not a general appearance.

While the motion filed in the circuit court was not specifically stated to be a special plea, nevertheless its tenor was special. It sought to set the judgment aside and the right to plead. The Circuit Judge treated it as a special plea. Since it was treated as special by the Circuit Judge, then the relief open to the administrator was by an appeal; as he is insisting now, that the relief open to the company was by an appeal and not an independent adjudication in chancery. We think the plea is special on authority of Lumber Company v. Lieberman, 106 Tenn., 153, 61 S. W., 70.

But treating the plea as a special plea, the contention of the administrator is not without merit when he says that the company's remedy was by appeal and not an independent action. We think this is sound to the extent of the jurisdictional question raised. Had the company desired to ignore the proceeding in the circuit court in the event the process was served on a person not designated by statute, then it could have gone into chancery and enjoined the enforcement of the judgment. But having gone into the circuit court for the special purpose of testing that court's jurisdiction, then its judgment upon this question is final. The company has not the right to have an adjudication upon the identical question in two courts, and the circuit court's judgment is as efficacious as the decree of the chancery court. The case of Taylor v. Sledge, 110 Tenn., 263, is in point. The principle laid down in this case is that a litigant is not entitled to litigate a question in one court and at a later time litigate the same question in another court. The procedure is not material, and no sound distinction can be drawn between this case and that for the reason that the defendant in the Taylor case prosecuted a writ of error to the Supreme Court. He had his day in court in the common-law court and attempted a new prosecution in the chancery court. The Supreme Court held this could not be done, and the same thing is attempted in this case. This being true, the question of the jurisdiction of the parties has been finally determined, and the chancery court was in error in adjudging that William Hicks was not a proper party to receive the service of process.

Had the appearance been general, the same would have been true of all questions that could have been made under a motion for a new trial. It would have been the company's duty to have made the questions then. But since the appearance was special no adjudication could have been made except that raised under the special plea, and the company would be at liberty to seek the aid of the chancery court.

The case of Hall v. Gossum, 144 Tenn., 1, 228 S. W. 1039, is not in point. In that case remaindermen attempted to intervene, the suit involving the life tenant. They were denied the right to intervene, and later were permitted to prosecute an independent law-

suit raising the same question attempted to be raised. They were never parties to the first suit and could not have had a day in court.

The Chancellor, having found the facts as above detailed, enjoined the judgment but declined to grant the relief without requiring the telephone company to submit to a new trial at law. The appellant has not assigned as error this portion of the decree, doubtlessly desiring this relief in event it was not successful in a reversal and dismissal of the case. We are of the opinion that the pleadings and proof make out a case entitling the telephone company to a new trial at law upon the question of its liability, restricting adjudication to this question, since it has had an adjudication upon the question of jurisdiction of its corporate person, and a construction of the agreement, or covenant, not to sue. Upon these matters, it was before the court with full opportunity to protect itself. See Gibson's Suits in Chancery, section 1206, et seq.

Upon the question of its right to interpose a defense to its liability, it has shown that it had no notice of the trial and was not negligent in investigating further to see if a proceeding was pending against it, having been lulled to rest by the assurance of the Tennessee Electric Power Company; that the service was had upon a laborer who attempted to obey it by appearing at the court house on the appointed day, and he was assured by an attorney representing the plaintiff that his presence was not needed. The company was denied the right, through misfortune, to present any defense. The weakness in its case is its failure to show an absolutely good defense, for a person must show a defense before he is entitled to a new trial in chancery. The answer to this is that the appellee has failed to assign as error the action of the Chancellor in granting a new trial, and, under the rules of this court, it is not incumbent upon us to notice errors not assigned. We think the merits of this case demand a trial, and that it is not the policy in law to take undue advantage of the misfortune of the defendant. The defendant is entitled to the due process of law which contemplates a hearing before judgment. The defendant was brought into court by process, as we have adjudicated, but the fact remains that it had no actual notice of the suit, due to the peculiar facts of the case, and it is free from negligence.

The assignments of error will be sustained to the extent of modifying the decree of the Chancellor so as to finally adjudicate the question of jurisdiction of the corporate person. In all other respects, the decree of the Chancellor is affirmed, and the case is remanded in order that proper orders may be made to reinstate the case upon the docket of the circuit court for trial. The cost of the appeal is adjudged against the company and the administrator equally.

Snodgrass and Thompson, JJ., concur.