DECIDED MARCH 8, 1935.

*John T. Dorsey,* for plaintiff in error.
*H. G. Vandiviere, solicitor-general,* contra.

## 24249. BAKER *v.* ALEXANDER.

DECIDED MARCH 26, 1935.

*Wilbur B. Nall, Roberts & Nall,* for plaintiff in error.
*Clark Ray, Roy L. Barnett,* contra.

MACINTYRE, J.   .The controlling question in this case is whether or not the judge of the superior. court erred in dismissing a cer-

tiorari, "for want of proper and legal notice as to time and place of hearing." The ground of the motion to dismiss was that the notice stated that "the time and place of hearing of said case will be at the December term, 1933, of said court [the superior court of Fulton county] at the Fulton county court-house," and that there was no such term of that court. As a matter of fact, there was no such term, the next term being in January, 1934.

The Code provides that "The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent, or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." Code 1933, § 19-212 (Civil Code 1910, § 5190). "The object of the notice is to give the opposite party timely information that the judge has sanctioned the writ, and that it will be heard at a certain time and place." *Western Union Tel. Co.* v. *Bailey*, 115 *Ga.* 725, 727 (42 S. E. 89, 61 L. R. A. 933). In the case of *Rollins* v. *Speer*, 6 *Ga. App.* 74 (64 S. E. 280), a timely notice was given, stating that the writ would be tried at the April term of court. Discovering that the writ was returnable to the October term, the attorney for the plaintiff in certiorari gave a second notice, which was not good, because it was served too late. In the decision (p. 75) the court said: "The first notice given in this case was clearly insufficient, because it designated the wrong term." The case relied upon by counsel for the plaintiff in certiorari is that of the *American Bonding and Surety Co.* v. *Adams*, 124 *Ga.* 510 (52 S. E. 622). In that case the notice incorrectly stated the date of the "next term." In the case at bar the notice designates a term which did not exist. We think that in principle this case is controlled by the *Rollins* case, supra, and we hold that the court properly dismissed the writ, for the reason that the notice failed to comply with the requirements of the statute.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*