JOHNSON FREIGHT LINES, INC., *v.* DAVIS.

(*Knoxville,* September Term, 1935.)

Opinion filed May 4, 1936.

WILKERSON & WILKERSON, of Chattanooga, for complainant.

LYNCH, HAYNES & GREEN, of Winchester, for defendant.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

Complainant, Johnson Freight Lines, Incorporated, and defendant, Joe Davis, were both engaged in the transportation of freight by truck, and both held certificates of convenience and necessity from the Railroad and Public Utilities Commission of Tennessee. Complainant was authorized to transport freight between Nashville and Chattanooga. Defendant was authorized to transport freight between Nashville and Winchester, and between Chattanooga and Winchester, but was forbidden to transport freight between Chattanooga and Nashville. The two certificates held by defendant were issued in the year 1929.

Chapter 132, Public Acts of 1935, enacted by the General Assembly of the State of Tennessee, provides that two or more certificates of public convenience and necessity issued by the Railroad and Public Utilities Commission prior to January 1, 1930, to the same operator of motortruck transportation, and having a common point of destination, shall be treated as a single certificate. Under the statute defendant was authorized to transport freight through from Nashville to Chattanooga.

Complainant filed its bill herein on May 11, 1935, in the chancery court of Hamilton county, against Joe Davis, a resident of Franklin county, for the purpose of having said act declared unconstitutional and void, and to enjoin Davis from transporting freight for hire between Chattanooga and Nashville under the purported authority given by said act.

Process was served on R. C. Moffitt, a resident of Hamilton county. The officers' return shows as follows:

"Came to hand May 13, 1935. Executed as commanded by reading the within subpoena to answer to R. C. Moffitt, Mgr. of the Joe Davis Truck Line, he being the

highest officer to be found in my County, summoning him as herein commanded and left a copy of the bill with R. C. Moffitt, Mgr. This May 13, 1935.''

Defendant, Joe Davis, filed a plea in abatement to the bill and suit, challenging the jurisdiction of the court, as follows:

''That he is a resident and citizen of Winchester, Franklin County, Tennessee; that he operates a motor freight truck line under a certificate issued by the Railroad and Public Utilities Commission; that his only offices, headquarters and place of business are located at Winchester, Franklin County, Tennessee; that the subpoena to answer was served upon and copy of bill left with R. C. Moffitt, a resident of Hamilton County, Tennessee; the officer's return representing said Moffitt as Manager of Joe Davis or Joe Davis Truck Lines; that said Moffitt is not a manager for respondent or his business; that he is not such agent as service could be had upon so as to bind respondent in the premises; that said Moffitt·is a solicitor of freight for this defendant and others in like business but has no authority whatever to represent or bind this defendant in any contract and only works at times in the capacity of soliciting freight.

''Respondent is in no sense a resident of Hamilton County, Tennessee, neither has he any offices or agents in such county upon which process could be served in this or any other cause so as to bind him in the premises.''

The chancellor, after hearing the proof on the plea in abatement, found the issues in favor of complainant and overruled the plea. Defendant then filed a demurrer to the bill, which was overruled, injunction granted as prayed in the bill, and an appeal allowed.

Defendant, appellant here, has filed four assignments of error. The first of these is that the chancellor erred in disallowing and dismissing defendant's plea in abatement.

Section 8669 of the Code is as follows:

"When a corporation, business trust, or any person has an office or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against same growing out of the business of, or connected with, said principal's business; but this section shall apply only to cases where the suit is brought in such counties in which such agency, resident director, or office is located."

Defendant's business was unincorporated. He resided in Franklin county, where he maintained his office. He had no office in Hamilton county. He had no place of business in Hamilton county, beyond renting platform space at a truck terminal. The Osborne terminal, where defendant rented platform space, and out of which some twelve or fifteen truck lines operated, had gone into bankruptcy, about April 20, 1935, and defendant continued to use the Osborne stand until May 1, 1935, when he moved to the Chattanooga-Atlanta terminal and rented platform space from it. In the meantime, however, defendant had negotiated with one Hawk for temporary platform accommodations. Defendant was looking for a freight solicitor at that time. Hawk said he needed a solicitor and agreed to pay one-half the salary of a freight solicitor if defendant would employ R. C. Moffitt. Defendant became sick, and Moffitt went to Winchester and solicited employment. Defendant says: "I hired

him to solicit freight for me and Mr. Hawk of the Nashville Convoy Truck Company temporarily until I could get to Chattanooga and make arrangements necessary to continue our business.'' He instructed Moffitt to go to the Winchester office and talk with the bookkeeper in regard to the arrangements made. This Moffitt did not do. Defendant did not hear from Moffitt again until he mailed in the copy of the bill herein. Moffitt did not report to defendant, and did not see Hawk about the freight soliciting engagement. Moffitt's only employment by defendant was that of a part-time solicitor of freight. He says he also was to see about getting a terminal location for defendant; but this was attended to by defendant's bookkeeper. Moffitt's employment lasted a week and a half, from May 4 to May 14. Defendant paid him $12.50. It does not appear that Moffitt secured any orders for freight shipments. The terminal arrangements made with the Chattanooga-Atlanta terminal, by defendant's bookkeeper, was for platform space. Defendant had a nail in the wall on which an employee of the terminal company hung any orders coming in over its telephone for defendant. Such orders were picked up by defendant's drivers.

Moffitt's employment, as above stated, was that of a part-time solicitor of freight. He had no other authority from defendant.

We think the chancellor was in error in overruling defendant's plea in abatement. Defendant had no ''office or agency'' in Hamilton county within the meaning of Code, section 8669. It is only when a corporation, business trust, or any person has an *office or agency,* or resident director, in any county other than that in which the chief officer or principal resides, that service of

process "may be made on any agent or clerk employed therein." Except in the case of a resident director of a corporation, it is apparent that in order to have valid service of process on an agent or clerk there must exist in such county "an office or agency" in which said agent or clerk is employed. The word "agency," just as the word "office," is employed in the sense that it designates a place at which the business of the company, or individual, is transacted by an agent.

In *Atlanta Acc. Ass'n* v. *Bragg,* 102 Ga., 748, 29 S. E., 706, the statute provided that suit against insurance companies might be brought "in any county where such insurance company may have an agency or place of business." It was held that the word "agency" was intended to designate a place at which the company's business was transacted by an agent.

In *Western Union Telegraph Co.* v. *Bailey,* 115 Ga., 725, 42 S. E., 89, 90, 61 L. R. A., 933, 936, the court said: "The Code authorizes suit against a telegraph company 'in any county where such telegraph company may have an agency or place of business.' If the defendant had an office in the county, and had also an agent in the county, and was doing business therein, we think it had an agency or place of business."

We are constrained to reverse the decree of the chancellor, because of the error committed in overruling the plea in abatement, and dismiss the bill at the cost of complainant.