## RUDCO OIL & GAS CO. v. OGDEN.

### No. 2311.

Court of Civil Appeals of Texas. Eastland.

Nov. 27, 1942.

L. H. Welch, of Breckenridge, for appellant.

Floyd Jones and H. L. Tuchin, both of Breckenridge, for appellee.

GRISSOM, Justice.

Joe H. Ogden filed this suit in Stephens County against Rudco Oil and Gas Company, a corporation, and I. Rudman, residents of Smith County, and Norman Rudman, a resident of Stephens County. In his original petition plaintiff alleged defendants were attempting to purchase certain property in Brown County from Humble Oil and Refining Company; that plaintiff advised defendants he had information as to the amount of bids that had been made on said property; that Norman Rudman agreed to pay plaintiff $2,000, provided defendants were able to submit and have accepted a bid for said property in an

amount less than $200,000 "and thereupon the Defendants agreed to pay the Plaintiff the sum of * * * $2,000.00 * * * provided he furnished the information which would enable the Defendants to purchase the said property for less than * * * $200,000.00 * * * and thereafter Plaintiff furnished Defendants information that the highest bid being made upon the said oil and gas property * * * was * * * $154,000.00 * * * and Defendants, acting upon said information, submitted a bid * * * in an amount * * * of * * * $175,000.00; that Humble * * * accepted the said bid and sold and conveyed the said property to Defendants for the said sum of * * * $175,000.00 * * * and thereupon the Defendants became bound and obligated to pay the Plaintiff * * * $2,000.00 * *. * ".

Rudco Oil and Gas Company and I. Rudman filed their pleas of privilege to be sued in Smith County. Plaintiff filed his controverting affidavit, in which he reasserted many of the allegations of his original petition. Plaintiff alleged that his cause of action was against two or more defendants residing in different counties; that Norman Rudman resided in Stephens County and the other defendants resided in Smith County, and that said court had venue of said cause under Subdivision 4 of Article 1995, Vernon's Ann.Civ.St.

Plaintiff alleged that his suit was against a private corporation with an agent in Stephens County, and that, therefore, said court had venue of said cause under Subdivision 23 of Art. 1995.

Plaintiff alleged that his suit was against two or more defendants; that Norman Rudman resided in Stephens County, and that it was maintainable there against the other defendants because they were necessary parties thereto and the venue of said cause was in Stephens County under Subdivision 29a of Article 1995.

On the hearing of the plea of privilege, plaintiff filed a trial amendment and a supplemental controverting affidavit, in both of which it was alleged, in substance, that Norman Rudman was the agent and representative of Rudco Oil and Gas Company, and a resident of Stephens County, and that in making said contract Norman Rudman "was acting within the scope of his employment and in the furtherance of the corporation's business" and in its behalf. Plaintiff dismissed I. Rudman from the suit. The court overruled Rudco Oil and Gas Company's plea of privilege to be sued in Smith County and it has appealed.

The major portion of the briefs are directed at appellant's contention that the court erred in overruling the plea of privilege because of that part of Subdivision 23 of Article 1995, which provides: "Suits against a private corporation * * * may be brought in any county * * * in which such corporation * * * has an agency or representative * * *." Appellee appears to have briefed the case on the theory that the court overruled the plea of privilege because it held that the part of Subdivision 23 of Article 1995 above quoted had been sustained by appellee's allegations and proof. Appellee so states in his brief. However, since it is not clear that appellee intends to waive his right, if any he has, to maintain his suit in Stephens County under Subdivisions 4 and 29a, and since there are no findings of fact and conclusions of law in the record, we are compelled to consider said three exceptions, and if appellee's right to maintain venue in Stephens County is sustained by pleadings and proof under any of said subdivisions it is our duty to affirm the judgment.

■ Appellant asserts that appellee failed to either allege or prove facts entitling him to maintain his suit in Stephens County under that part of Subdivision 23 providing that a suit may be maintained against a private corporation in any county in which such corporation has an agency or representative. Appellant says that if plaintiff has established as a fact that Norman Rudman resides in Stephens County and is appellant's agent for the production of oil and the sale of gasoline in Eastland and Brown Counties, that such proof does not show that appellant has an agency or representative in Stephens County within the meaning of Exception 23. We sustain this contention.

■ In Sharp v. Damon Mound Oil Co., 31 Tex.Civ.App. 562, 72 S.W. 1043, the Court of Civil Appeals of Texas, in an opinion by Judge Pleasants, held that the residence of the agent of a corporation did not determine the venue of a suit under exception 23 of Art. 1995. That venue by reason of the part of section 23 here involved was determined, not by the residence of the corporation's agent, but by the county in which such agent or repre-

sentative performed his duties for the corporation. We think this is the proper construction of the quoted portion of Subdivision 23. Mangum v. Lane City Rice Milling Co., Tex.Civ.App., 95 S.W. 605, 606; Gulf, B. & K. C. Ry. Co. v. Texas & N. O. R. Co., Tex.Civ.App., 64 S.W. 692, writ refused; Johnson Freight Lines, Inc., v. Davis, 170 Tenn. 177, 93 S.W.2d 637; Anheuser-Busch, Inc., v. Manion, 193 Ark. 405, 100 S.W.2d 672, 675; Atlanta Accident Association v. Bragg, 102 Ga. 748, 29 S.E. 706; Northern Illinois Finance Corporation v. Sheridan, Tex.Civ. App., 141 S.W.2d 434; National Aid Life v. Self, Tex.Civ.App., 140 S.W.2d 606, 609; White Point Development Co. v. Seagraves, Tex.Civ.App., 278 S.W. 855, 856; Cassidy Southwestern Commission Co. v. Wheeler & Martin, Tex.Civ.App., 235 S.W. 1095; Municipal Life Insurance Co. v. United Fidelity Life Insurance Co., Tex.Civ.App., 147 S.W.2d 288; Talley v. Shasta Oil Co., Tex.Civ.App., 146 S.W.2d 802; Cannel Coal Co. v. Luna, Tex.Civ.App., 144 S.W. 721; National Hardware & Stove Co. v. Walters, Tex.Civ.App., 58 S.W.2d 146.

We are of the opinion that appellee did not establish a right to maintain his suit in Stephens County under exception 4, Art. 1995. Under said exception appellee was required to allege and prove facts showing a cause of action against said resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 638, 95 S.W. 1300. The evidence merely tended to prove that Norman Rudman was either an employee or agent of Rudco Oil and Gas Company. Norman Rudman's principal, if any, was disclosed. Appellee's evidence was to the effect that he communicated his offer to furnish the information to I. Rudman, president of Rudco Oil and Gas Company, over the telephone, I. Rudman being then in Smith County. The general rule is that an agent is not personally responsible on contracts made for his disclosed principal. No exception to the general rule is shown. 2 Texas Jur. 576. Also see Brown Express, Inc., v. Arnold, 138 Tex. 70, 157 S.W.2d 138, and Continental Oil Co. v. Baxter, Tex.Civ.App., 59 S.W.2d 463.

We are also convinced that venue as to appellant is not sustained under exception 29a. With reference to that exception the Supreme Court has said: "It is one which is never considered alone,

but always in conjunction with some other exception of Article 1995. This is true for the reason that it deals only with suits brought outside the county of the domicile of any defendant, but which are maintainable where brought against one defendant under some other exception of that statute. Another exception must be applicable before the question of whether subdivision 29a is applicable is reached." Pioneer Building & Loan Association v. Gray, 132 Tex. 509, 514, 125 S.W.2d 284, 286. We have heretofore held that no other exception is applicable. This suit was not brought outside the county of the domicile of Norman Rudman, and, as we have heretofore held, is not maintainable in Stephens County against some defendant other than Rudco Oil & Gas Co. under some exception to the general rule of venue prescribed by Art. 1995 other than 29a.

After careful consideration, we have concluded that the court erred in overruling appellant's plea of privilege. The judgment is reversed and the cause, as to appellant, is ordered transferred to Smith County.