Ova Gay AYERS, a minor, b/n/f and father, James Ayers and James Ayers, Individually

v.

R. H. GENTRY, d/b/a Robert Gentry Trucking Company and Clarence Edward Brock.

Civ. A. No. 4667.

United States District Court
E. D. Tennessee, N. D.

July 31, 1963.

W. P. O'Neil, Knoxville, Tenn., Frank Dossett, LaFollette, Tenn., for plaintiffs.

Carter B. Wall, S. F. Dye, Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, Chief Judge.

Defendants have filed two motions to quash process served upon them pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

It is asserted in the first motion, which was filed April 5, 1963, that the attempted service of process under T.C.A. Secs. 20–224, 20–225 and 20–226 was invalid because the accident out of which the action arose occurred February 3, 1962 and the suit was not filed until March 8, 1963, or more than one year after the accident. Section 20–224 provides that the agency of the secretary of state to accept service of process shall continue for a period of one year from the date of any accident. The service of process on the Secretary of State is not sufficient to bring defendants into this Court as it was not made within one year after the accident.

It is asserted in the second motion, which was filed on June 26, 1963, that the service of process upon Alvin Brock was invalid because Brock was a non-resident of Tennessee and defendants did not have an office or agency in Tennessee; that at the time of the service, Brock was in Knoxville with defendant Gentry's truck picking up a load of mail at the Knoxville Post Office to transport to the Post Office in Cincinnati, Ohio, as an employee of defendant Gentry. The process was served on Brock pursuant to the provisions of Section 20–405 T.C.A. and the Federal Motor Carrier Act of 1935, 49 U.S.C. § 321(c). It is conceded by the plaintiffs that 49 U.S.C. § 321(c) does not apply since defendant's operation is not regulated by the Interstate Commerce Commission.

Rule 4(d) (7) of the Federal Rules of Civil Procedure permits service of process to be made in accordance with the

law of the state in which the action is brought. The state statute under which service of process was attempted is Section 20–405 T.C.A. It is a venue statute and provides in pertinent part as follows:

"When a corporation, partnership or individual has an office or agency in any county for the transaction of business, actions growing out of, or connected with the business of that office or agency, may be brought in the county in which such office or agency is located."

The service on Alvin Brock was not a valid service on defendant Gentry because the defendant did not have an office or agency in any county in Tennessee for the transaction of business at the time of service, or at any other time as required by Section 20–405 of the Tennessee Code. Johnson Freight Lines, Inc. v. Davis, 170 Tenn. 177, 93 S.W.2d 637; Lumber Company v. Lieberman, 106 Tenn. 153, 61 S.W. 70.

Plaintiffs' reliance upon the cases of Goldberg v. Dean, D.C., 200 F.Supp. 161 and Radford v. Minnesota Mining and Manufacturing Company, D.C., 128 F. Supp. 775 is misplaced. In the Goldberg case, the non-resident defendant operated a store in Memphis, Tennessee under the direction of its agent Fulkerson, on whom service of process was made. Thus the defendant had an office in Tennessee in which its agent worked. In the Radford case, the non-resident corporation had offices in Tennessee out of which at least three of its agents worked. Thus, the facts in the Goldberg and Radford cases are different from the facts in the present case and the rule announced in those cases does not control the present case.

The Court concludes that the motions of defendants must be sustained, without prejudice to plaintiffs' right to institute another suit.

An order has been passed to the Clerk this day sustaining defendants' motions to dismiss, without prejudice to institute another suit in a court having jurisdiction.