WILLIAM McKEE v. A. P. ANGEL.

*Process—Justice of the Peace—Judgment.*

1. A justice of the peace has no authority to depute a special officer to serve process in a civil action.

2. A judgment rendered by a justice of the peace without notice to the defendant may be set aside by a direct application to the justice; and where he refuses to do so, the proper course on appeal is to give judgment reversing his ruling, and not to direct the justice to enter judgment vacating the original judgment.

3. Erroneous, irregular and void judgments defined, and effect of discussed.

(*Marsh* v. *Williams*, 63 N. C., 371; *Garlick* v. *Jones*, 3 Jones, 404; *State* v. *Barefoot*, 89 N. C., 565; *Stallings* v. *Gully*, 3 Jones, 344; *Armstrong* v. *Harshaw*, 1 Dev., 187; *Jennings* v. *Stafford*, 1 Ired., 404; *Morgan* v. *Allen*, 5 Ired., 156; *Hooks* v. *Moses*, 8 Ired., 88, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of MACON Superior Court, before *Avery, J.*

This was an appeal from the judgment of a justice of the peace, and the facts collected from the transcript of the proceedings had before the justice sent to the superior court, and the judgment rendered by him against the defendant and others on the 30th of December, 1878, are substantially as follows:

On the 16th day of April, 1883, upon the application of the defendant Angel, the said judgment was set aside, upon the ground that the defendant had never been served with a sum-

mons, and had no notice of the judgment, and if the summons had been served, it was not served by a constable or other officer, but by a citizen deputed by the justice for that purpose; and that the judgment rendered by the justice upon such service of process was a nullity. The plaintiff had no notice of this application.

Afterwards the plaintiff moved the justice to set aside the judgment vacating the first judgment of December, 1878, both parties being present. The plaintiff offered affidavits tending to show that the defendant Angel did have notice of the judgment of 1878, and the defendant resisted the motion upon the ground that the judgment was void because the summons was served by a person who was deputed by the justice to make the service, and that he was not present at the trial, and he renewed his motion to have the original judgment vacated.

Thereupon the justice, having taken an *advisari* for two weeks upon the difficulties of the case, being of the opinion that he had the power to depute a constable in a civil action, when it was an extraordinary case, this being a case of that nature, for two of the defendants were about to remove from the state, decided to strike out the judgment of 1883, and refused to vacate the original judgment; from which the defendant appealed.

Upon this state of facts, His Honor in the superior court ordered and adjudged, "that the said E. T. Long, justice of the peace, proceed to enter a judgment vacating and setting aside the original judgment rendered in the above entitled action as to the defendant A. P. Angel, and also the *judgment upon the motion to set aside the said original judgment.*" From this judgment the plaintiff appealed to this court.

*Messrs. Jones & Siler*, for plaintiff.
*Messrs. Reade, Busbee & Busbee*, for defendant.

Ashe, J., after stating the case. The first judgment rendered by the justice in December, 1878, was clearly void as to

this defendant. The summons in a civil action before a justice of the peace must be directed to "any constable or other lawful officer." Bat. Rev., ch. 63, §12. "But in criminal actions the warrant must be directed to the sheriff, coroner or any constable, and if no sheriff, coroner or constable can be found, the warrant may be directed to any person whatever who shall have power to execute the same within the county in which it is issued." Bat. Rev., ch. 33, §97. This is the only *extraordinary* case in which a justice of the peace is authorized to depute one, who is not an officer, to execute process. *Marsh* v. *Williams*, 63 N. C., 371; *Garlick* v. *Jones*, 3 Jones, 404. See also *State* v. *Barefoot*, 89 N. C., 565.

Judgments are either irregular, erroneous or void. Irregular judgments are such as are entered contrary to the course and practice of the court. An erroneous judgment is one that is rendered contrary to law.

A void judgment is one which has only the semblance of a judgment, as if rendered by a court having no jurisdiction, or against a person who has had no notice to defend his rights. *Stallings* v. *Gully*, 3 Jones, 344; *Armstrong* v. *Harshaw*, 1 Dev., 187; *Jennings* v. *Stafford*, 1 Ired., 404.

Erroneous and irregular judgments cannot be collaterally impeached, but stand until they are reversed or set aside. *Jennings* v. *Stafford, supra*. But a void judgment is no judgment, and may always be treated as a nullity (*Stallings* v. *Gully, supra*), and unlike irregular and erroneous judgments, affords no protection to officers or others acting under it, so that if an execution had been issued upon the judgments rendered against the defendant in 1878, and had been levied upon his property, it would have given no protection to either the plaintiff or the officer, and in an action upon such a judgment the fact of its nullity is open to the defense of the defendant, *that he owed nothing*. "*Nil debet*," under the former practice.

The justice seems to have laid some stress upon the fact that the defendant had notice of the judgment, but even if he had

that was not sufficient to make him a party so as to conclude him by the judgment. He had the right to require that he should be made a party to the action by the legal service of process, and where the summons was served by one who had no authority to serve it, it was as if no service had been made, and he had the legal right to disregard it.

But the question here arises, how is the defendant to avoid the judgment? There is no doubt that as soon as he discovered that such a judgment had been rendered against him, he might have availed himself of the remedy of a *recordari* in nature of a writ of false judgment. *Morgan* v. *Allen*, 5 Ired., 156. But he has failed to resort to that remedy, and has had recourse to a motion before the justice who made the judgment to vacate it. Was it in the power of the justice to do that? If it was, it was clearly his duty to do so.

In the case of *Hooks* v. *Moses*, 8 Ired., 88, where an action was brought before a justice of the peace upon a former judgment rendered by a justice, the defense set up by the defendant was, that he was not summoned to appear at any particular time or place, when the judgment was rendered against him. Chief-Justice RUFFIN, speaking for the court, said: "Doubtless those are proper grounds for impeaching the judgment, but that must be done directly upon an application to the magistrate, or to a higher tribunal, to set it aside or to reverse it for that cause." That was done in this case. As the first application in April, 1883, was made and acted upon by the justice without notice to the plaintiff, the justice very properly treated his judgment at that time as a nullity; but the motion was renewed by the defendant in May following, and the justice refused to set aside the judgment from which the appeal was taken, and His Honor in the superior court adjudged that the justice proceed to enter judgment vacating the original judgment as to the defendant Angel, and also the judgment upon the motion to set aside original judgment. While we do not think His Honor had the power to adjudge that the justice should enter the judg-

ment as directed, we must consider his judgment as substantially reversing the judgment of the justice, and to that extent it is sustained. With this modification, the judgment of the superior court is affirmed.

Modified and affirmed.