D. T. SMITH, et al. v. M. C. SMITH, et al.

*Practice—Appeal—Case on Appeal—Service.*

1. Service of all process and papers in a cause (except when service by publication is authorized) must be by an officer or acceptance of service, except only subpœnas which may be made by one not an officer, provided he is not a party to the action.

2. Hence, under Section 550 of *The Code*, which provides that the case on appeal shall be served on the appellee, without specifying the manner of service, the service must be made by an officer.

3. Where there is no case on appeal in this Court, and no error appears on the record proper, the judgment below will be affirmed.

4. In an action to set aside conveyances alleged to have been procured by fraud and undue influence, a cause of action is stated by the complaint which alleges that the defendant who had been the former mistress of the grantor, and in order to marry whom he had procured a divorce from his wife, had " by continued persuasion, by alternate flattery and complaining, by excessive importunity, by threats of abandonment obtained undue influence over the will of the said Smith, deceased, ' the grantor,' and by means of this fraud and undue influence she exerted such a domestic and social force upon the said Smith that he executed the deeds, etc., and the plaintiffs aver that said deeds were executed by reason of said fraud or undue influence, and not of the free will and consent of said Smith."

CIVIL ACTION, tried at Fall Term, 1896, of COLUMBUS Superior Court, before *Greene, J.,* and a jury. There was a judgment for the plaintiffs, and defendants appealed. Upon failure of service of the case on

SMITH *v.* SMITH.

appeal, the defendants moved in this Court for a writ of *certiorari* to have the case on appeal settled by the judge, which was denied, and thereupon they moved to have their case treated as the proper case on appeal.

The purpose of the action was to set aside conveyances of property alleged to have been procured by undue influence.    The 8th allegation of the complaint referred to in the opinion of Associate Justice CLARK was as follows :

" 8.. That about the year 1872 or 1873 the said H. C. Smith, deceased, became infatuated with the defendant, M. C. Smith, said defendant being then unmarried, while the said H. C. Smith was a married man ; and that the defendant, M. C. Smith, became then and there the mistress or concubine of the said H. C. Smith, he being then about 50 years of age, and she (the defendant) about 20 or 21 years of age ; that the illicit and adulterous intercourse then begun continued until the defendant, M. C. Smith, then bearing the name of Mary Columbia Formyduval, gave birth to an illegitimate child—a son ; that thereupon and thereafter the defendant, M. C. Smith, by the influence she had acquired by her wicked acts and pleadings, prevailed upon the said H. C. Smith to procure a divorce from his lawful wedded wife ; that the said H. C. Smith, urged on by the defendant, M. C. Smith, and blinded by his infatuation for his concubine, the said M. C. Smith, did, by fraud and subornation of witnesses, as plaintiffs are informed and believe, procure a decree of divorce from his said wife, Dorcas Smith ; that after said divorce the defendant, M. C. Smith, and H. C. Smith went through a marriage ceremony and lived together as man and wife ; that after said marriage, and during said cohabitation, the defendant, M. C. Smith, by continued persuasion, by alternate flattery and complaining, by excessive importunity, by threats of abandonment, obtained undue influence over

the will of the said H. C. Smith, deceased, and by means of this fraud or undue influence she exerted such a domestic and social force upon the said H. C. Smith that he executed the deed and the bills of sale above referred to, and the plaintiffs aver that said deed and bills of sale were executed by reason of said fraud or undue influence, and not of the free will and consent of said H. C. Smith."

*Messrs. J. B. Schulken* and *MacRae & Day*, for plaintiffs.

*Messrs. John D. Bellamy, Jr.*, and *Shepherd & Busbee*, for defendants (appellants).

CLARK, J.: The application of the appellant, heretofore made for a *certiorari* to have the case settled by the judge, having been denied, they now move to have their case on appeal treated as the proper case on appeal, although service thereof has not been accepted, nor has it been served by an officer, claiming that placing the statement of the case in the mail in time to reach the appellees was due service. They admit that to do so would be to overrule numerous decisions of this Court, which they ask us to review for that purpose.

The original Code of Civil Procedure, Section 80, provided for service of papers in a cause, either personally or by filing in the clerk's office, and C. C. P., Sec. 301, (the original of the present Section 550,) provided for service of the case and counter-case on appeal, "in the manner provided by Section 80," and the same was true of Sec. 349 (now 597) as to serving notices. The inconveniences and manifest evils which arose from thus filing papers which opposite counsel might not see, or might overlook till too late, culminated (after some unpleasant incidents) in a repeal of Section 80, and the simple pro-

vision in Sections 550 and 597 that the statement of the
case on appeal, and all notices, "shall be *served*" on
respondent, &c.   Where no other mode of service is pro-
vided for, the Court held that service must be made by an
officer, unless service is accepted, according to Section
228 for service of summons.   *Allen* v. *Strickland*, 100
N. C., 225.   That case, it is true, was as to the attempted
service of a notice by mail, but the principle applies to all
legal papers as to which "service" is prescribed, without
indicating any deviation from the ordinary manner of
service, and *The Code*, Sec. 597, provides for service of
"notices and other papers" in the same manner.   *Allen*
v. *Strickland* has since been followed by *Clark* v. *Manu-
facturing Company*, 110 N. C., 111, and *State* v. *Johnson*,
109 N. C., 852, (as to service of notice of appeal when
taken out of court,) the Court saying : " The requirement
of service by an officer is not only statutory but reason-
able, as it prevents disputes like this, as to whether there
has been service or not ; " also in *State* v. *Price*, 110 N. C.,
599, (as to the service of the case on appeal,) which is fol-
lowed in *Herbin* v. *Wagoner*, 118 N. C., 656 ; *Forte* v.
*Boone*, 114 N. C., 176 ; *Cummings* v. *Hoffman*, 113 N. C.,
267 ; *McNeill* v. *Railroad*, 117 N. C., 642 ; *Roberts* v.
*Partridge*, 118 N. C., 355 ; and there are others.   Aside
from the construction of the statute being so thoroughly
settled, if it were *res integra* it could not be held other-
wise.   With the policy of the statute in requiring service,
if not accepted, to be made by an officer, we have nothing
to do ; but it admits of more than a doubt if the substitu-
tion of service by counsel or parties, and proved by their
oaths, would not lead to the greater evil of counter-affida-
vits as to service being made in time, if at all.   The former
provision, as to service by filing in the clerk's office, was so
prolific of evil as to cause its repeal.   At present any

hardship is averted by acceptance of service, or, if that is refused, service by an officer, which modes avoid the unpleasantness which might otherwise occur more or less frequently to the profession and to the courts of settling such matters upon the controverted affidavits of counsel. Service of all papers, by our statutes, (except in cases where service by publication is authorized,) must be by an officer, or acceptance of service, except only subpœnas, as to which service may be made by one not an officer, but even then the service must be " by one not a party to the action," and the return sworn to. *Code*, Sec. 597 (4).

The counsel moves, in the absence of a case on appeal, to dismiss the action because the complaint fails to state a cause of action. It is true that this motion can be made in this Court for the first time, Rule 27; but the objection to the complaint is not well taken. Paragraph 8 is sufficient as an allegation of fraud and undue influence.

There being no case on appeal, and no errors appearing upon the face of the record proper, the judgment is affirmed.

Affirmed.