T. J. BALLARD v. R. J. LOWRY, SHERIFF, AND S. LOWMAN & CO.

(Filed 12 November, 1913.)

1. Justices' Courts—Judgment Docketed in Superior Court—Service of Process—Execution Recalled—Procedure.

Where a judgment of a justice of the peace has been docketed in the Superior Court and execution issued therefrom, which is sought to be recalled upon the ground that the judgment had been obtained by default and the summons had not been served, though upon its face it so appeared to have been, the remedy is by motion in the justice's court to set aside the judgment there

BALLARD *v.* LOWRY.

rendered, made upon notice to the plaintiff, his attorney of record; or by publication; and an injunction may not issue in the Superior Court to stay the execution.

2. **Same—Findings—Undertakings.**

Upon motion duly made before a justice of the peace to set aside his judgment for lack of proper service, which has been docketed in the Superior Court, from whence execution has issued, it is the duty of the justice to find the facts; and when such motion is lodged the defendant may apply to the clerk and have the execution recalled until the motion is finally disposed of, upon giving the required bond.

3. **Justices' Courts—Service of Process—Judgment Set Aside—Motion in the Cause—Jurisdiction—Consent of Parties.**

Where upon the face of a summons it appears to have been properly served, the service thereof may not be impeached except by motion in the cause to set it aside; and where the summons issued from a justice's court, the Supreme Court will not treat the motion as properly lodged, even by consent of the parties, when it does not so appear to have been done.

APPEAL by plaintiff from order vacating an attachment, from ANSON.

This is an appeal by the plaintiff from an order of *Adams, J.,* dissolving an injunction and dismissing the action.

*Lockhart & Dunlap for plaintiff.*
*Gulledge & Boggan for defendant.*

BROWN, J.   On 25 February, 1911, at the instance of S. Lowman & Co., J. H. Benton, a justice of the peace for Anson County, issued a summons against T. J. Ballard, returnable 1 March, 1911.

On 27 February, 1911, the said summons was returned to said justice's court with the following indorsement: "Served 27 February, 1911, by reading within summons to T. J. Ballard, defendant. R. J. Lowry, Sheriff; J. T. Short, Deputy Sheriff." On 16 March, 1911, said justice of the peace rendered judgment in favor of S. Lowman & Co. against T. J. Ballard in the sum of $173.75, with interest and costs, and said judgment was docketed in the office of the clerk of the Superior Court of Anson County, and upon which S. Lowman & Co. caused execution to be issued.

Injunction was issued by *Bragaw, J.,* at the instance of T. J. Ballard to prevent the service of said execution, claiming that no summons had ever been served on him in the original case of S. Lowman & Co. against T. J. Ballard before the said J. H. Benton, justice of the peace.

Upon the return day of the restraining order before *Adams, J.,* the latter dissolved the injunction and dismissed the action.

We are of opinion that the proper procedure for the plaintiff to pursue is to move before the justice of the peace to set aside the judgment. It is then the justice's duty to find the facts. Notice of such motion may be given by publication or by service upon the attorney of record.

It appears upon the face of the record that the service of the justice's summons was valid. Therefore, it cannot be impeached except by motion in that cause to set it aside. *McKee v. Angel,* 90 N. C., 62; *Whitehurst v. Trans. Co.,* 109 N. C., 344.

It is said in *Thompson v. Notion Co.,* 160 N. C., 525: "If the judgment is rendered in the absence of the defendant, and the process is defective, or there *is the appearance of service* when in fact none, the defendant may move before the justice to set the judgment aside."

When such motion is lodged, the defendant may apply to the clerk, and, upon giving the required bond, have the execution recalled until the motion is finally disposed of.

We cannot treat this civil action originating in the Superior Court, even by consent, as a motion in the cause in a justice's court.

Affirmed.