CLARK., C. J., dissenting; ALLEN, J., concurring in the dissenting opinion. *Page 74 
Motion to set aside judgment, heard on appeal from a justice's court.
On the hearing it appeared that in 1911 plaintiff instituted an action on account against defendant, before a justice of the peace in said county, and on 16 March, 1911, recovered judgment for $173.75, defendant not appealing at this time; that defendant instituted a civil action against plaintiff to set aside said judgment, claiming that he owed plaintiff nothing and that he had never been served with summons in said cause, and, for many months after its rendition, he had no notice or knowledge of the existence of the judgment or of any suit against him by plaintiff.
Judgment in that cause was entered in favor of the present plaintiff, and, on appeal, judgment was affirmed, the court being of opinion that, on the facts presented in that record, defendant could only proceed by motion before the justice to set aside the judgment. See case, Ballard v. Lowry,163 N.C. 487. Pursuant to that intimation, defendant, on notice duly served, made the present motion to set aside the judgment before the justice, J. H. Benton, Esq., and on the ground, among others, that the summons in the action had been originally served by telephone, the sheriff being at Wadesboro and defendant at Morven, 9 miles distant.
On the hearing the justice found that the sheriff had "read the summons by telephone to defendant, and, recognizing that it was defendant, by conversation had between them at the time he had made the return on the process served," etc. The justice being of opinion that there had been valid service, refused to set aside the judgment, and on appeal to Superior Court this ruling was affirmed, the material portion of his Honor's judgment being as follows: "The court finds as a fact that J. T. Short was a deputy sheriff of Anson County on 27 February, 1911, and read the summons issued in said cause by said justice of the peace to the defendant T. J. Ballard over the telephone line connecting Wadesboro and Morven, and that the said deputy sheriff was well acquainted with said defendant and recognized his voice over the telephone in the conversation between them at said time, whereupon said deputy sheriff made the return and indorsement upon the summons. Upon these facts the court finds that, as a matter of law, said service and reading of said summons over the telephone was a legal and valid service of said summons, and the court so holds. From this judgment the defendant excepts and appeals to the Supreme Court."
On the facts appearing of record, and in like case (18) whenever the remedy is available to him, the procedure open to defendant is by motion before the justice who tried the cause. This was virtually held on a former appeal between the parties, 163 N.C. 486, and the position is in accord with our decisions on the subject. Thompsonv. Notion Co., 160 N.C. 520; Clark v. Mfg. Co., 110 N.C. 111;Whitehurst v. Transportation Co., 109 N.C. 342; McKee v. Angel,90 N.C. 60.
In Thompson v. Notion Co., supra, that being a case where service had been regularly made by publication and defendant had neither appeared nor answered, the decision was made to rest on section 1491 of Revisal, which allowed an appeal to be taken in such cases within fifteen days after personal notice of the rendition of the judgment, but Associate JusticeAllen, in his well considered opinion, is careful to note that, in case of "defective process, or where there is the appearance of service when in fact there was none, the remedy by motion before the justice is properly available."
Both in the Superior and justices' courts the statutory limits as to time within which motion of this character shall be made are cases where the proceedings are in all respects regular, and do not apply in cases when there is defective service of process or an entire absence of it. Massie v.Hainey, 165 N.C. 174; McKee v. Angel, supra.
Authority here is also to the effect that where a statute provides for service of summons or notices in the progress of a cause by certain persons or by designated methods, the specified requirements must be complied with or there is no valid service. Martin v. Buffaloe, 128 N.C. 305; Smith v.Smith, 119 N.C. 314; Allen v. Strickland, 100 N.C. 225; McKee v. Angel,supra.
This, then, being proper procedure, and the only service of the original process in this cause having been by means of the telephone, "the sheriff being at Wadesboro and defendant at Morven, 9 miles distant," the question chiefly and directly presented by this appeal is whether, in this jurisdiction, there can be a valid service of original process by means of the telephone. Our statute on the subject (Revisal, sec. 439) provides that the summons "shall be served, in all cases except as hereinafter provided, by the sheriff or other officer reading the same to the party or parties named as defendant, and such reading shall be a legal and sufficient service."
This method of serving process was established by the Legislature of 1876 and 1877, and at the time the telephone as a general system of communication was not in existence. An interesting account of its origin and development will be found in 126 U.S. Reports, the volume *Page 76 
being devoted to a report of the telephone cases, from which it appears that the patents were applied for in 1876; that the litigation (19) concerning them was continued for something over eleven years, and it was not until 1887 that decision was made declaring the rights in dispute to be in Professor Bell and his associates, and although the active development of the system was immediately and successfully entered upon, the telephone, as now operated, did not come into very general use and application until about the beginning of the present century, or a short period preceding that date.
At the time, therefore, when this legislation was enacted, the only method of service contemplated or provided for was by reading the summons in the personal presence of the party, and we are of opinion that this is and should continue to be the correct interpretation of the statute as it is now written. This service of original process by which courts of justice acquire jurisdiction over the rights of person and of property of the citizen has always been, and properly, regulated with circumspect care. In the Code of '68 it could only be done by leaving a copy of the summons under the court seal; later, in '76 and '77, the seal was omitted when the process ran to the county of the officer who issued it and, at the same session, a service by reading by the sheriff or some officer was established; both of these changes, it will be noted, being by legislative enactment. And this method of service, by reading in the personal presence of the party, affording as it does to the sheriff a more satisfactory and certain means of identifying the person on whom the service is made and giving assurance to the litigant of the true import of the act by present exhibition of the process, giving him better opportunity, too, to ascertain the position and authority of the officer, and being the method contemplated and described by the statute at the time it was passed, and the only one recognized for twenty years thereafter, should not be altered, if at all, save by express provision of the statute law.
The only valid objection to be made to this position is that it may, at times, make for the inconvenience of the officer; but, even as to him, the proposed change is of doubtful benefit. We know that a sheriff or other officer having a process of this character in charge is properly held to a strict account as to the verity of the service. If he makes a false return, he and his bondsmen may be subjected to serious penalties, and, looked at only from the officer's point of view, there is grave question if in the effort to perform this important duty he should be subjected to the additional uncertainties, sure to arise by recognizing the proposed manner of service.
On authority the question does not seem to have been very much discussed in the courts. The nearest case we have been able to find on the *Page 77 
subject is in Ex Parte Terrel, Court Criminal Appeals, Texas, reported in 95 S.W. 536. That case was an attachment for contempts against a defaulting witness, their statute requiring service of subpoena by "reading same in the hearing of the witness," and it was held (20) that service by telephone was no valid service; and the position derives some support in a New York case of Gilpin v. Savage,201 N.Y., 167, to the effect that presentment of a note and demand for payment must be by actual exhibit of the instrument, and that a demand made by telephone was insufficient.
We are aware that in a number of cases it has been held that, under regulations requiring service of notices to be in writing, service by means of a telegram, written out by the agent and delivered, has been upheld; but these were generally in instances where the parties had voluntarily adopted that method of communication. And where the principle has been approved in reference to court process, the statute did not require that service be made by any particular or designated person, and the party being charged with the duty of having the notice served, the Court has held that such party could make the company his agent to write the notice, within the meaning of the law. Such was the case presented in Western Union v. Bailey,115 Ga. 725, a case to which we were cited.
On service of writs of certiorari the statute required that the applicant should cause written notice of its proper sanction to be served on his opponent, and service by telegram was upheld, on the ground that as the statute required the party to cause notice to be served and did not designate by whom, the plaintiff could designate the company as his agent, and the notice so written out would be considered a sufficient compliance with the law. Even in that aspect the case seems to have caused the Court much perplexity, and one of the judges dissented.
Again, there are cases in which notices of injunction were served by telegram and the service was sustained, but these decisions were in application of the principle declared by the English chancellors, to the effect that, under certain circumstances, if a party in an injunction proceeding knew of the existence of the order, and intentionally violated it or knowingly or intentionally acted so as to render the same of noneffect, he could be held for contempt. Vansandan v. Rose, 2 Jac. and Walker, 264; Osborne v. Tenant, 14 Ves., 136; Rulings by Lord ChancellorElden, the first referred to in Cape May R. R. v. Johnston,35 N.J. Eq., pp. 422-425, and the second in Davis v. Fiber Co., 150 N.C. 84, erroneously printed in this last citation as Lord Erskine. But, while this ruling may be upheld in proceedings of that character, the exigency of the case at times requiring the recognition of such a principle, it should not be allowed to prevail in reference to the service of original process *Page 78 
where, as in this case, the statute, as heretofore stated, at the time it was enacted contemplated and provided for a service by reading the writ in the personal presence of the party, and involving, too, the necessary exhibition of the process to the litigant.
(21) On the facts in evidence, we are of opinion, and so hold, that there has been no valid service of process shown, and this will be certified, that the judgment of the justice's court be set aside and defendant allowed to answer.
Reversed.