STATE OF NORTH CAROLINA Ex REL. UTILITIES COMMISSION v. MARTEL MILLS CORPORATION.

(Filed 22 November, 1950.)

**1. Notice § 3—**

Where a statute provides for service of a notice without prescribing a mode of service, it must be served by some officer authorized by law to make service of process, notices, and the like.

**2. Parties § 1—**

"Complainant" means the party who makes the complaint in an action or proceeding and is synonymous for all practical purposes with "petitioner" or "plaintiff."

**3. Utilities Commission § 3—**

A utility which files application for authority to amend its rate schedule originates the proceeding and complains that its rates are insufficient to provide reasonable and necessary revenue, and therefore is the original complainant in the proceeding. G.S. 62-25.

**4. Utilities Commission § 5—**

Where an interested party intervenes and contests an application filed by a utility for authority to amend its rate schedule, G.S. 62-24, and the application is granted, notice of appeal of such interested party from the

order of the Commission must be served upon the utility, G.S. 62-26.6, and where such interested party merely mails a copy of such notice to the utility the attempted appeal is ineffectual.

APPEAL by defendant from *Harris, J.,* July Term, 1950, of WAKE. Affirmed.

Petition by Carolina Power & Light Company before the Utilities Commission, heard in the court below on motion to dismiss defendant's appeal.

Carolina Power & Light Company, hereinafter referred to as the Light Company, filed an application with the Utilities Commission for the modification of its rate schedule by adding thereto a coal clause. The defendant and other interested customers of petitioner appeared and opposed the petition.

The Commission, upon hearing the petition, entered its order 28 February 1950 authorizing the complainant to put said coal clause into effect, but fixing the base price of coal at $7 per ton.

The defendant filed exceptions and moved for a rehearing. The Commission, on 1 May 1950, overruled the exceptions and denied the motion. Defendant in apt time gave the Commission notice of its appeal to the Superior Court and mailed a copy of said notice to the petitioner, which notice was duly received.

On 28 June 1950, the Light Company appeared in the court below and moved that the appeal from the Commission be dismissed for want of proper notice. The motion was allowed and defendant appealed.

*Charles F. Rouse and W. H. Weatherspoon for Light Company, applicant appelle.*

*Oscar J. Mooneyham for defendant appellant.*

BARNHILL, J.   The merit of this appeal is made to turn upon whether the Light Company is the original complainant in this proceeding. If so, the notice of appeal was ineffective for the reason it was not served. If not, then the giving of notice by mailing a copy thereof to the Light Company met the requirements of the statute.

A public utility company may make complaint to the Utilities Commission respecting its rate structure. G.S. 62-24, 25. Interested parties may intervene, G.S. 62-24, and any party aggrieved by the final order of the Commission may appeal. G.S. 62-26.6. The party appealing must serve notice of its appeal upon the original complainant. G.S. 62-26.6.

The requirement that notice of appeal from an order of the Commission shall be served on the original complainant connotes service by some officer authorized by law to make service of process, notices, and the like.

*Smith v. Smith,* 119 N.C. 314; *Lowman v. Ballard,* 168 N.C. 16, 84 S.E. 21; *Hatch v. R. R.,* 183 N.C. 617, 112 S.E. 529.

Where a statute provides that a notice shall be served and no particular mode of service is provided for, "service must be made by an officer, unless service is accepted," *Smith v. Smith, supra,* and unless so served, there is no valid service. *Hatch v. R. R., supra.*

In law "complainant" means "the party who makes the complaint in an action or proceeding," Webster's New Int. Dic., 2d Ed.; "one who makes a complaint," Callaghan, Cyc. Law Dic., 2d Ed. For all practical purposes it is synonymous with "petitioner" and "plaintiff." The nature of the proceeding and the court in which it is instituted determines which term is the more appropriate under the circumstances.

The Utilities Commission is authorized to fix the rates for public utilities, G.S. 62-122, and may, on application, permit a change in the schedule of rates then existing. G.S. 62-125. It is the governmental agency to which a public utility must resort when it deems its rates and charges inadequate to provide a reasonable return on its investment.

The Light Company filed an application with the Commission in which it is alleged that its present rates in certain respects are inadequate and in which it seeks authority to amend its rate schedule. It thus originated this proceeding and complained that its rates are insufficient to provide reasonable and necessary revenue. The contention that it was not the original complainant cannot be sustained.

Since the Light Company is the original complainant, service of notice of appeal on it is required by the statute. G.S. 62-26.6. In the absence of such notice, the attempted appeal was ineffectual.

It is not amiss to call attention at this time to the fact that G.S. 62-21 (1943 Ed.) is modified by Sec. 1, Ch. 989, Session Laws 1949, now G.S. 62-26.8. Now on appeal "the complainant in the original complaint before the commission shall be a party to the record."

Since there has been no service of notice of appeal upon the Light Company, the original complainant, the judgment below must be

Affirmed.