HOUSING AUTHORITY OF THE CITY OF GREENSBORO, NORTH
CAROLINA v. MABEL L. FARABEE AND SPOUSE, IF ANY,
R. D. DOUGLAS, JR., TRUSTEE, HOME FEDERAL SAVINGS
AND LOAN ASSOCIATION, INC., CITY OF GREENSBORO,
COUNTY OF GUILFORD AND ALL OTHER PERSONS, IF ANY,
WHO MAY HAVE OR CLAIM AN INTEREST IN THE SUBJECT
MATTER OF THIS PROCEEDING

No. 13

(Filed 14 November 1973)

**1. Statutes § 5— construction — legislative intent**

In the interpretation and construction of statutes, the task of
the judiciary is to seek the legislative intent.

**2. Attorney and Client § 9; Costs § 1; Eminent Domain § 9— condemnation by housing authority — attorney fees of landowner**

The General Assembly used the word "plaintiff" in G.S. 160A-243.1 in its natural, ordinary meaning; therefore, the word "plaintiff" in the second paragraph of the statute cannot be construed to mean "landowner."

**3. Attorney and Client § 9; Costs § 1; Eminent Domain § 9— condemnation by housing authority — award of attorney fees to landowner — error**

The second paragraph of G.S. 160A-243.1 authorizes and directs the court to award counsel fees to a landowner only when a city, agency, board or commission takes possession of private property for a public purpose without first instituting a condemnation proceeding and the landowner, as plaintiff or petitioner, institutes an inverse condemnation proceeding against the condemning authority and recovers just compensation for the taking; therefore, an award of counsel fees to the landowner was not authorized by that statute when judgment was entered awarding title to a housing authority and compensation to the landowner in a proceeding instituted by the housing authority.

**4. Eminent Domain § 9— condemnation by housing authority — attorney fees of landowner**

The fact that the Legislature has provided for payment of reasonable attorney fees of the landowner when the power of eminent domain is exercised by an urban redevelopment commission, G.S. 160-456(2), may not be used by the courts to infer a similar intention in condemnation proceedings instituted by housing authorities under statutes containing no language definitely indicating such intent, the statutes under which urban redevelopment commissions and housing authorities were created not being *in pari materia* because they do not deal with the same subject matter.

ON *certiorari* to the Court of Appeals to review its decision, 17 N.C. App. 431, reversing judgment of *Webb, S. J.*, 10 July 1972 Session, GUILFORD Superior Court.

On 15 July 1971 the petitioner, Housing Authority of the City of Greensboro, instituted this proceeding under Chapter 40 and Chapter 157 of the General Statutes of North Carolina to condemn the real property described in the petition for the purpose of constructing a housing project thereon for low income elderly persons.

On 2 August 1971 the owner of the property, Mabel L. Farabee, answered the petition and included in her answer a prayer that the court costs be taxed against petitioner.

The right of the Housing Authority to condemn and the amount to be paid the property owner as just compensation are no longer in controversy.

Relying on the provisions of G.S. 160A-243.1, Mabel L. Farabee filed a motion before the Clerk on 13 January 1972 seeking an order requiring the petitioner to pay, in addition to just compensation for the property taken, "such sums as will in the opinion of the Court reimburse such respondent for her reasonable cost, disbursements, and expenses, *including reasonable attorney's fees* and appraisal fees, incurred on account of this proceeding." (Emphasis ours.) This motion was denied by the Clerk, and respondent appealed to the superior court where the matter was heard before Judge Webb.

On 23 August 1972, Judge Webb entered judgment providing, among other things, that reasonable attorney's fees should be awarded to respondent's counsel and taxed against petitioner in the amount of $3,967.00. Petitioner appealed from that portion of the judgment allowing attorney's fees as a part of the costs to be taxed against petitioner, and the Court of Appeals reversed. We allowed certiorari to review that decision.

*Frye, Johnson & Barbee by Ronald Barbee, Attorneys for Housing Authority of the City of Greensboro, petitioner appellee.*

*Smith, Patterson, Follin & Curtis by Marion G. Follin III, Attorneys for Mabel L. Farabee, respondent appellant.*

HUSKINS, Justice.

The sole question presented is whether the trial court is authorized by G.S. 160A-243.1 to tax counsel fees for the landowner as part of the costs to be paid by the Housing Authority. This requires analysis of the statute involved.

G.S. 160A-243.1 reads in pertinent part as follows:

"The court having jurisdiction of an action instituted by a city or an agency, board or commission of a city to acquire any interest in real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable cost, disbursements, and expenses, including reasonable attorney fees, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if the final judgment in the action is that the city or agency, board or commission of a city cannot acquire such real property or interest therein by condemnation, or if the proceeding is abandoned by the city, agency, board or commission of a city.

"The judge rendering a judgment for the plaintiff in a proceeding brought under Chapter 40 of the General Statutes awarding compensation for the taking of property by a city or an agency, board or commission of a city shall determine and award or allow to such plaintiff, as a part of such judgment, such sum as will in the opinion of the court reimburse such plaintiff for his reasonable cost, disbursements and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding."

We said in *Wake County v. Ingle,* 273 N.C. 343, 160 S.E. 2d 62 (1968): "When the relevant language of a statute is plain and unambiguous, there is no occasion for construction. Such being the case a statute must be given effect according to its plain and obvious meaning." The first paragraph of the statute quoted above directs the court to award reasonable attorney fees and other named expenses to the landowner (the owner of any right, or title to, or interest in, such real property) in two situations: (1) When there is a final judgment that the city, agency, board or commission of a city cannot acquire the property by condemnation or (2) when the city, agency, board or commission abandons the condemnation proceeding theretofore instituted by it. Here, the Housing Authority did not abandon the proceeding, and the final judgment authorized acquisition of respondent's property by condemnation. Clearly, therefore, the respondent landowner is not entitled to an award of attorney fees under this paragraph. We do not understand respondent to contend otherwise.

The crucial question, then, involves interpretation and construction of the second paragraph of the statute quoted above. Respondent landowner contends that the word "plaintiff" in the second paragraph should be construed to mean "landowner." Respondent notes that under the Urban Redevelopment Law (Article 37 of Chapter 160 of the General Statutes), when an urban redevelopment commission uses the power of eminent domain, such commission must pay reasonable counsel fees as part of court costs to the property owner whose land is taken. See G.S. 160-456 (2). By analogy, respondent says that since housing authorities are similar in nature to redevelopment commissions, G.S. 160A-243.1 should be construed to give the landowner whose property is condemned by a housing authority under Article 1 of Chapter 157 of the General Statutes the same right to attorney fees enjoyed by landowners whose property is condemned by an urban redevelopment commission under Article 37 of Chapter 160 of the General Statutes.

[1]  In the interpretation and construction of statutes, the task of the judiciary is to seek the legislative intent. *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970) ; *Underwood v. Howland,* 274 N.C. 473, 164 S.E. 2d 2 (1968). "In the interpretation of statutes, the legislative will is the all important or controlling factor. Indeed, it is frequently stated in effect that the intention of the legislature constitutes the law. The legislative intent has been designated the vital part, heart, soul, and essence of the law, and the guiding star in the interpretation thereof." 50 Am. Jur., Statutes, § 223. When interpreting a statute, "it is reasonable to assume that the Legislature comprehended the import of the words it employed to express its intent . . . . " *State v. Baker,* 229 N.C. 73, 48 S.E. 2d 61 (1948). "Words in a statute are to be given their natural, ordinary meaning, unless the context requires a different construction." *In re Watson,* 273 N.C. 629, 161 S.E. 2d 1 (1968). Our task, therefore, is to seek the meaning of the word "plaintiff" as used by the General Assembly in G.S. 160A-243.1.

A condemnation proceeding is a special proceeding. *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709 (1953). See G.S. 1-1 through G.S. 1-3. Frequently, the party commencing a special proceeding is referred to as "petitioner." *Redevelopment Commission v. Hagins,* 258 N.C. 220, 128 S.E. 2d 391 (1962) ; *Housing Authority v. Wooten,* 257 N.C. 358, 126 S.E. 2d 101 (1962). However, the party instituting a special proceed-

ing is referred to as "plaintiff" in G.S. 1-394, *viz:* "Special proceedings against adverse parties shall be commenced as is described for civil actions. The summons shall notify the defendant or defendants to appear and answer the complaint, or petition, of the plaintiff within ten days after its service upon the defendant or defendants, . . . " The interchangeable use of the words "plaintiff" and "petitioner" is found in our case law as well as our statutes.

For all practical purposes, the words "petitioner" and "plaintiff" are synonymous. "The nature of the proceeding and the court in which it is instituted determines which term is the more appropriate under the circumstances." *Utilities Commission v. Mills Corporation,* 232 N.C. 690, 62 S.E. 2d 80 (1950).

[2, 3] In our opinion the General Assembly used the word "plaintiff" in G.S. 160A-243.1 in its natural, ordinary meaning. The plaintiff is the "person who brings an action . . . . " Black's Law Dictionary 1309 (Rev. 4th ed. 1968). It necessarily follows that the second paragraph of G.S. 160A-243.1 authorizes and directs the court to award counsel fees to the landowner when, and only when, the city, agency, board or commission takes possession of private property for a public purpose without first instituting a condemnation proceeding and the landowner, as plaintiff or petitioner, institutes an inverse condemnation proceeding against the condemning authority and recovers just compensation for the taking. An award of counsel fees to the landowner is not authorized when judgment is entered awarding title to the condemnor and compensation to the landowner *in a proceeding instituted by the condemnor.* The Court of Appeals so held and we affirm.

[4] The Legislature has provided for the payment of reasonable attorney fees when the power of eminent domain is exercised by urban redevelopment commissions under Article 37 of Chapter 160 of the General Statutes, regardless of which party is plaintiff. This, however, has no legal significance here and may not be used by the courts to infer a similar intention in condemnation proceedings instituted by housing authorities under other statutes which contain no language definitely indicating such legislative intent. Housing authorities and urban redevelopment commissions are separate legal entities, possess separate and distinct powers, and the statutes under which they were created are not *in pari materia* because they do not deal with the same subject matter. " . . . [S]tatutes which have no

common aim or purpose and scope, and which do not relate to the same subject, object, thing, or person, are not *in pari materia.*" 50 Am. Jur., Statutes, § 350. Furthermore, "[s]tatutes *in pari materia* may not be resorted to to control the clear language of the statute under consideration." 50 Am. Jur., Statutes, § 348. Where, as here, the language of a statute is plain and definite, the statute must be construed as written. *State v. Wiggins,* 272 N.C. 147, 158 S.E. 2d 37 (1967); *State v. Ross,* 272 N.C. 67, 157 S.E. 2d 712 (1967); *In re Duckett,* 271 N.C. 430, 156 S.E. 2d 838 (1967). Courts are without power to interpolate, or superimpose, provisions and meanings not contained therein. *Board of Architecture v. Lee,* 264 N.C. 602, 142 S.E. 2d 643 (1965). If the present language of G.S. 160A-243.1 reflects a legislative inadvertence, the General Assembly must supply the correction.

The decision of the Court of Appeals, reversing that portion of the judgment of the trial court which awarded counsel fees to respondent as a part of the court costs taxed against petitioner, is in all respects

Affirmed.