WHITE OAK PROPERTIES, INC., A NORTH CAROLINA CORPORATION v. TOWN OF CARRBORO, A MUNICIPAL CORPORATION; ROBERT W. DRAKEFORD, MAYOR; STEVE ROSE, AN ALDERMAN; JIM WHITE, AN ALDERMAN; JOHN BOONE, AN ALDERMAN; HILLIARD CALDWELL, AN ALDERMAN; ERNIE PATTERSON, AN ALDERMAN; AND JOYCE GARRETT, AN ALDERMAN

No. 8415SC123

(Filed 20 November 1984)

1. **Municipal Corporations § 31— denial of conditional use permit—board of aldermen—review by certiorari—applicable statute**

   G.S. 160A-381, not G.S. 160A-388(e), grants applicants for a conditional use permit the right to petition the superior court for a writ of certiorari to review an adverse decision of a board of aldermen, and since the statute sets forth no time limitation for filing such a petition, it must be filed within a reasonable time.

2. **Municipal Corporations § 30— board of aldermen—review of denial of conditional use permit—reasonable time for petition**

   The time limit of 30 days from notice of decision set forth in G.S. 150A-45 for filing a petition for certiorari under the Administrative Procedures Act and in G.S. 160A-388(e) for filing a petition for certiorari to review a decision by a board of adjustment constitutes a reasonable time within which a petition for certiorari to review a decision of a board of aldermen denying a conditional use permit must be filed.

   Judge WEBB dissenting.

APPEAL by respondent Town from *McLelland, Judge.* Judgment entered 20 January 1984 in Superior Court, ORANGE County. Heard in the Court of Appeals 25 October 1984.

Petitioners, White Oak Properties, Inc., applied to the Board of Aldermen of the Town of Carrboro for a conditional use permit in order to use a 3.3 acre site for the development of a nineteen unit townhouse project.

In July and August of 1983, the board of aldermen held a series of three public meetings concerning the application. On 2 August 1983, after the final meeting on the matter, the board of aldermen denied petitioner's application stating that the plan was not in harmony with the surrounding neighborhood.

Notice of the decision of the board of aldermen was received by petitioner on 25 August 1983. Petitioner filed a petition for writ of certiorari with the Orange County Superior Court on 11

October 1983. Respondent filed a motion to dismiss the petition on the ground that under G.S. 160A-388(e) petition for writ of certiorari had to be filed within thirty days of an adverse decision. The Superior Court denied the motion to dismiss and heard the petition on its merits. By judgment entered 20 January 1984, the court reversed the decision of the board of aldermen on the grounds that it was not supported by competent, material and substantial evidence as required by law and remanded the cause to the respondents. From the judgment entered, respondents appealed.

*Jordan, Brown, Price and Wall, by Charles Gordon Brown and Jeffrey N. Mason for petitioner appellee.*

*Michael B. Brough, for respondent appellant.*

HILL, Judge.

[1] The threshold question we must address is whether the superior court had jurisdiction to review the decision of the board of aldermen when the petition for writ of certiorari was not filed until forty-seven days after notice of that decision. We must first determine under what statute the superior court has the power to review a decision of the board of aldermen granting or denying a special or conditional use permit. Respondents contend the procedure for appeal from an adverse decision on an application for a special or conditional use permit is set forth in G.S. 160A-388(e) which stipulates that petition for certiorari to the superior court must be filed within thirty days of notice of decision. Petitioner argues that because a board of aldermen and not a board of adjustment, denied the application for the permit, G.S. 160A-381 applies and petition for writ of certiorari may be filed within a reasonable time.

G.S. 160A-381, which grants cities the power to zone, provides that a city may allow a board of adjustment or a city council (board of aldermen) to issue special or conditional use permits. Board of aldermen is a term used interchangeably with city council to name the governing board of a city. G.S. 160A-1(3). "Special use" or "conditional use" are terms used interchangeably to refer to a permit issued for a use which an ordinance expressly permits in a designated zone upon proof that certain facts or conditions detailed in the ordinance exist. *Concrete Co. v. Board of Commis-*

*sioners,* 299 N.C. 620, 265 S.E. 2d 379, *rehearing denied,* 300 N.C. 562, 270 S.E. 2d 106 (1980).

When a municipality confers the power to grant a conditional use permit to a board of adjustment, G.S. 160A-388 which details the powers and procedures of boards of adjustment applies. That statute provides in part: "Every decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari. Any petition for review by the superior court shall be filed with the clerk of superior court within thirty days after the decision of the board. . . ." G.S. 160A-388(e). When a board of aldermen retains the power to issue conditional use permits we must turn back to G.S. 160A-381 to ascertain what procedures apply. That statute says in part: "When issuing or denying special or conditional use permits, the [board of aldermen] shall follow the procedures for boards of adjustment *except* that no vote greater than a majority vote shall be required . . ., *and every such decision of the city council shall be subject to review by the superior court by proceedings in the nature of certiorari.*" G.S. 160A-381 (emphasis added).

Statutes should be construed to have their ordinary and natural meaning. We should not presume omissions of words or redundancies. *In re Watson,* 273 N.C. 629, 161 S.E. 2d 1 (1968). The plain reading of G.S. 160A-381 in context is that this statute, not G.S. 160A-388(e), grants applicants the right to petition superior court for writ of certiorari from adverse decisions of boards of aldermen. The statute says that only when issuing or denying a permit must the board of aldermen follow the procedure for boards of adjustment. Appeal is not part of the issuing or denying process. Furthermore, the statute specifically excepts voting and review proceedings from the procedure for boards of adjustment to be followed by boards of aldermen. The significance of the right to apply for certiorari under the one statute as opposed to the other is that although G.S. 160A-388(e) stipulates a thirty day time limit during which petition for certiorari must be filed, G.S. 160A-381 contains no such limitation. However, even in the absence of any statutory time limit, it appears certiorari must be filed within a reasonable time. *Todd v. Mackie,* 160 N.C. 352, 76 S.E. 245 (1912).

[2] Next we must determine what was a reasonable time within which petitioner should have applied for certiorari. Respondent

argues that in the absence of an express statutory time limit, the period established for similar appeals should be applied by analogy. They admit that no North Carolina case law exists discussing the "analogy rule," but they contend that the sound public policies of certainty and finality in the review of contested cases mandate that we adopt this rule. Petitioner counters that the common law criteria for reasonable time within which to petition for certiorari is laches and that should be the standard of the court. In the present case, they maintain, respondents have suffered no legal or practical prejudice as a result of the delay in filing for certiorari and therefore review on the merits should be allowed.

No North Carolina statutes or case law are determinative of this issue. To arrive at an equitable answer as to what is a reasonable time within which petitioner should have filed petition for certiorari we must look at the history and practice of zoning law in North Carolina and the statutes and ordinances under which the parties were operating.

The Legislature gave cities and towns power to pass zoning ordinances and also the power to appoint a board of adjustment designed to review appeals from administrative decisions of those charged with enforcement of the ordinances. Historically the statutes provided for review by way of writ of certiorari from decisions of boards of adjustment, but supplied no similar process for review of adverse decisions from boards of aldermen. *See* G.S. 160-172, 160-178 (repealed 1971). Courts viewed the decisions of boards of aldermen as legislation not ordinarily subject to judicial review. *In re Markham*, 259 N.C. 566, 131 S.E. 2d 329, *cert. denied*, 375 U.S. 931, 11 L.Ed. 2d 263, 84 S.Ct. 332 (1963). Because both boards of aldermen and boards of adjustment were making similar decisions with regard to zoning applications, confusion reigned. *See* Note, *Spot and Contract Zoning—An Appeal for Clarity*, 51 N.C.L. Rev. 1132 (1973).

In *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E. 2d 129 (1974), the Supreme Court brought some order to this area of law when it stated that boards of aldermen act in a quasi-judicial capacity when they decide whether to issue a conditional use permit and that judicial review was available from the decision of the board of aldermen by proceedings in the nature of cer-

tiorari as provided for in the Administrative Procedures Act (hereinafter APA) G.S. 143-306 *et seq.* (repealed 1973). *See also* G.S. 150A-1 *et seq.* The time for filing a petition for writ of certiorari under the APA is thirty days after notice of final decision is received; *see* G.S. 150A-45, and this limitation was engrafted onto zoning law practice.

The current APA is expressly not applicable to municipalities or their boards. G.S. 150A-2. However, the Supreme Court has stated that the principles that the APA embodies are highly pertinent to municipal zoning decisions. *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 265 S.E. 2d 379, *rehearing denied,* 300 N.C. 562, 270 S.E. 2d 106 (1980). Because the APA is the precursor of current procedure for review of zoning decisions, and because recent case law tends to indicate that we should look to the APA for guidance in this area of the law, we believe it is reasonable to expect a time limit for filing for review which is the same as that provided within the APA.

G.S. 160A-381 and G.S. 160A-388, as amended in 1981, codified what was current practice, that boards of aldermen follow the same procedures as boards of adjustment when they consider applications for conditional use permits. As noted previously, the only exceptions to parallel procedures found within the statute are voting procedures and specified time for applying for certiorari. It is fundamental that legislative intent controls the interpretation of statutes. *Housing Authority v. Farabee*, 284 N.C. 242, 200 S.E. 2d 12 (1973). In seeking to ascertain and give effect to the legislative intent, an act must be considered as a whole. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972). Statutes which deal with the same subject matter must be construed in *pari materia* and harmonized if possible to give effect to each. *Jackson v. Board of Adjustment*, 275 N.C. 155, 166 S.E. 2d 78 (1969); *In re Brownlee*, 301 N.C. 532, 272 S.E. 2d 861 (1981).

Applying these principles to the statutes under consideration we conclude that the same procedures should be followed when seeking review of adverse decisions on application for conditional use permits whether delivered by a board of aldermen or a board of adjustment. In the absence of a specified time for applying for certiorari from a board of aldermen which is different from that allowed for appeal from a board of adjustment the reasonable conclusion is that the time limit is the same for both.

Finally we look to the zoning ordinances of Carrboro for guidance. Where an issue of statutory construction arises the construction adopted by those who execute and administer the law in question is relevant and may be considered. *MacPherson v. City of Asheville*, 283 N.C. 299, 196 S.E. 2d 200 (1973).

The Land Use Ordinance of Carrboro treats conditional use permits and special use permits as separate, though it defines each the same. Carrboro Land Use Ordinance § 15-15(14), (63). Special use permits must be obtained from the board of adjustment while conditional use permits are obtained from the board of aldermen. Both boards are required to issue the requested permits unless they find that the application does not meet the criteria set out in Carrboro Land Use Ordinance § 15-54. Carrboro Land Use Ordinance § 15-156, which is a table of permissible uses, sets out which uses are special and which uses are conditional. Under that table in an R 10 zone multifamily residences, like the ones petitioner contemplated building, require a special use permit if five units or less are to be built and a conditional use permit if more than five units are to be built. The Carrboro ordinance provides that every decision of the board of aldermen or the board of adjustment shall be subject to review by the superior court by proceedings in the nature of certiorari. Although a municipality cannot confer or limit jurisdiction upon the superior court, it is apparent that those who execute and administer zoning laws within Carrboro interpret G.S. 160A-381 as requiring that petition for certiorari from an adverse decision of a board of aldermen is, like petition from boards of adjustment, to be filed within thirty days of notice.

We conclude that in the present case thirty days was a reasonable time within which petitioner should have petitioned the superior court for writ of certiorari. Because petitioner failed to file with the superior court within thirty days of notice of the adverse decision of the board of aldermen, we hold the superior court did not have jurisdiction to review the decision of the board and petitioner waived his right of appeal. For this reason the petitioner's appeal should have been dismissed.

The judgment of the superior court is vacated and the case is remanded to the Superior Court, Orange County, with instructions for entry of judgment dismissing petitioner's appeal.

Vacated and remanded.

Judge HEDRICK concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I would hold that the petition for certiorari may be allowed within a reasonable time of the decision of the Board of Aldermen and the petition in this case was so allowed.

I would also hold that we are bound by *Concrete v. Board of Commissioners*, 299 N.C. 620, 265 S.E. 2d 379, *rehearing denied*, 300 N.C. 562, 270 S.E. 2d 106 (1980), to affirm the judgment of the Superior Court.